Jenette **WILKERSON**, Respondent,

v.

**STATE of Missouri**, Appellant.

**WD 79996**

Missouri Court of Appeals,
Western District.

Filed: October 3, 2017

Rehearing Denied October 31, 2017.

Application for Transfer to Supreme Court Denied October 31, 2017.

Application of Transfer Denied December 19, 2017

Christine Hymes Krug, St. Louis, for appellant.

Julia Chaney, Hannibal, for respondent.

Before Division One: Gary D. Witt, P.J., Alok Ahuja and Edward R. Ardini, Jr., JJ.

**Alok Ahuja, Judge**

Respondent Jenette Wilkerson pleaded guilty to sexual misconduct involving a child in 2010. In 2015, she filed a petition in the Circuit Court of Randolph County, seeking to be removed from the State's sex-offender registry. The circuit court granted Wilkerson relief. The State appeals, arguing that Wilkerson was obligated to register as a sex offender under federal law, and therefore was not entitled to be removed from the State registry. We reverse.

**Factual Background**

In February 2010, Wilkerson engaged in consensual sexual intercourse with a thirteen-year-old boy. She was eighteen years old at the time. Wilkerson was initially charged with statutory rape; however, as part of a plea agreement, the State amended the charge to the class D felony of sexual misconduct involving a child in violation of § 566.083, RSMo Cum. Supp. 2009. Wilkerson pleaded guilty on August 24, 2010, and was sentenced to three years' imprisonment. Since her release, Wilkerson has registered as a sex offender with the Missouri sex-offender registry.

On October 22, 2015, Wilkerson filed a petition in the circuit court pursuant to §§ 589.400.8 and .9,[1] seeking to be released from sex-offender registration requirements. In her petition, Wilkerson admitted that she "engag[ed] in sexual misconduct with a minor age thirteen (13)

---

1. Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri.

years of age." Her petition alleged that she was eighteen years old at the time of the offense; that the incident did not involve any force or threat of force; and that there was no evidence the victim suffered any physical or emotional harm. Wilkerson's petition alleged that she had complied with the sex-offender registration requirements; had no subsequent arrests or incidents involving sexual offenses; had been consistently employed; and did not present a danger to others.

The circuit court held an evidentiary hearing on Wilkerson's petition. During her testimony, Wilkerson admitted that in February 2010 she engaged in consensual sexual intercourse with a thirteen-year-old boy when she was eighteen years of age.

The State argued that Wilkerson qualified as a "sex offender" under the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20911 *et seq.* ("SORNA"), and was accordingly subject to an independent federal obligation to register.[2] Because she was subject to SORNA's registration requirements, the State argued that Wilkerson was not entitled to removal from the Missouri sex-offender registry.

On July 14, 2016, the circuit court entered judgment for Wilkerson, ordering that she be "removed from the Missouri sexual offender registration requirements of § 589.400.1." The judgment found that "[m]ore than two years have elapsed since the time [Wilkerson] was ordered to register"; that Wilkerson was eighteen at the time of the offense, and her victim was thirteen; that "[t]here was no threat of force, coercion or use of physical force or a weapon during any encounter and the victim showed no evidence of physical or emotional harm from the events"; and that

Wilkerson "has observed the rules and guidelines set forth in the Sex Offender Supervision Agreement, and is and has been in compliance with all provisions thereof." The judgment explicitly stated that "[t]he Court makes no finding if [Wilkerson] is required to register on the Federal Sexual Offender Registry."

The State appeals.

## Standard of Review

■ The judgment of the trial court will be upheld on appeal, unless "it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Doe v. Isom,* 429 S.W.3d 436, 439 (Mo. App. E.D. 2014) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Analysis

The State argues that Wilkerson was not entitled to be removed from the Missouri sex offender registry because she was subject to an independent duty to register as a sex offender under the federal SORNA statute. We agree.

Missouri first enacted its version of Megan's Law in 1994, effective January 1, 1995. Megan's Law imposes registration and notification requirements on persons committing crimes listed in chapter 566, certain other sexual crimes, and certain crimes that are not inherently sexual in nature but the legislature believes to be associated with a risk of sexual offenses against minors, such as child kidnapping.

*Doe v. Phillips,* 194 S.W.3d 833, 839 (Mo. banc 2006) (citations omitted).

---

**2.** Effective September 1, 2017, SORNA's provisions were recodified without substantive change into Title 34 of the U.S. Code. *See* http://uscode.house.gov/editorialreclassifica tion/t34/index.html. The relevant statutory provisions previously appeared at 42 U.S.C. §§ 16911 *et seq.*

Missouri law imposes sex-offender registration requirements on several categories of persons. Among others, the State imposes registration obligations on "[a]ny person who ... has been or is hereafter convicted of ... committing, attempting to commit, or conspiring to commit a felony offense of chapter 566 ... or any offense of chapter 566 where the victim is a minor." § 589.400.1(1). The statute separately imposes registration requirements on "[a]ny person who ... has been or is required to register under tribal, federal, or military law." § 589.400.1(8).

Subject to certain exceptions, the registration requirements imposed by Missouri's sex-offender registration statute "are lifetime registration requirements." § 589.400.3. Wilkerson sought to be released from registration requirements pursuant to § 589.400.8, which provides in relevant part:

> Effective August 28, 2009, any person on the sexual offender registry for having been convicted of ... an offense included under subsection 1 of this section may file a petition after two years have passed from the date the offender was convicted ... in the civil division of the circuit court in the county in which the offender was convicted ... for removal of his or her name from the registry if such person was nineteen years of age or younger and the victim was thirteen years of age or older at the time of the offense and no physical force or threat of physical force was used in the commission of the offense....

The statute provides that "[t]he court may grant ... relief" under § 589.400.8 if the offender "demonstrates to the court that he or she has complied with the provisions of this section and is not a current or potential threat to public safety." § 589.400.9(1).

Wilkerson was subject to the requirement to register as a sex offender under § 589.400.1(1), for two separate reasons: (1) she pled guilty to a felony offense under chapter 566; and (2) she pled guilty to a violation of chapter 566 involving a victim who was a minor. The State does not contest that Wilkerson proved her entitlement to removal from the sex-offender registry, with respect to her registration obligation under § 589.400.1(1). As required by § 589.400.8, the circuit court found that Wilkerson was nineteen or younger at the time of her offense; that her victim was thirteen or older; and that no physical force or threat of force was used in the consensual sexual encounter. The circuit court also found, as required by § 589.500.9(1), that Wilkerson was in compliance with her registration obligations under Missouri law, and does not present a current or potential threat to public safety.

The complicating factor in this case, however, is that § 589.400.1(1) is not the sole source of Wilkerson's registration obligation. Instead, she was *also* required to register pursuant to § 589.400.1(7), because she "has been or is required to register under ... federal ... law." The federal SORNA statute specifies that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 34 U.S.C. § 20913(a). A "sex offender" is "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). The definition of a "sex offense" includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii). A "specified offense against a minor" includes, among other things, "criminal sexual conduct involving a minor," and "[a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. §§ 20911(7)(H), (I).

■ SORNA's definition of a "specified offense against a minor" was intended to be broad.

In passing SORNA, Congress left courts with broad discretion to determine what conduct is "by its nature" a sex offense. Indeed, Congress's stated purpose was to capture a wider range of conduct in its definition of a "sex offense" .... The key is conduct that contains a "sexual component" toward a minor. Our review of the language of SORNA confirms our conclusion that Congress cast a wide net to ensnare as many offenses against children as possible.

*United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (*en banc*); *accord, United States v. Hill*, 820 F.3d 1003, 1005-06 (8th. Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 829, 197 L.Ed.2d 71 (2017). In particular, the language of the "residual clause" (what is now 34 U.S.C. § 20911(7)(I)) "could not be any broader." *Dodge*, 597 F.3d at 1355.

■ To determine whether Wilkerson pled guilty to a "specified offense against a minor," we look not only to the statute under which Wilkerson was convicted, but also to the underlying facts of her offense—a so-called "non-categorical" approach. *Doe v. Isom*, 429 S.W.3d 436, 442-43 (Mo. App. E.D. 2014) (following *Dodge*, 597 F.3d at 1353-54, and *United States v. Byun*, 539 F.3d 982, 992 (9th Cir. 2008)).

At the time of Wilkerson's conviction, § 566.083.1 defined the offense of sexual misconduct involving a child as follows:

A person commits the crime of sexual misconduct involving a child if the person:

(1) Knowingly exposes his or her genitals to a child less than fifteen years of age under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child;

(2) Knowingly exposes his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the child; or

(3) Knowingly coerces or induces a child less than fifteen years of age to expose the child's genitals for the purpose of arousing or gratifying the sexual desire of any person, including the child.

§ 566.083.1, RSMo Cum. Supp. 2009.

■ Wilkerson admitted in her petition that she engaged in sexual misconduct with a child of thirteen. And in her testimony at the evidentiary hearing, she acknowledged that her 2010 conviction was based on an act of consensual sexual intercourse with a thirteen-year-old boy.

Wilkerson's admission that she committed the felony of sexual misconduct involving a child by engaging in sexual intercourse with a thirteen-year-old establishes that she was convicted of an offense which "by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). Wilkerson's actions plainly "contain[ed] a 'sexual component' toward a minor,"[3] and "clearly involve[d] engaging with a [thirteen-year-old boy] on a sexual level."[4] Wilkerson was

---

3. *Dodge*, 597 F.3d at 1355 (defendant's act of sending nude photographs of himself over the internet to a thirteen-year-old girl fell within § 20911(7)(I)).

4. *United States v. Schofield*, 802 F.3d 722, 729 (5th Cir. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 1212, 194 L.Ed.2d 215 (2016) (sending

video of an adult male masturbating to a minor female fell within § 20911(7)(I)); *see also Isom*, 429 S.W.3d at 441-42 (defendant's action of distributing nude image of minor to others, resulting in conviction for endangering the welfare of a child, was "the sexually-laced conduct Congress sought to include in SORNA's registration requirements").

therefore required to register as a sex offender under SORNA.[5]

The Missouri Supreme Court has recognized that "SORNA imposes an independent, federally mandated registration requirement" on those persons who—like Wilkerson—fall within the federal definition of a "sex offender." *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012) (citing *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009)). Section 589.400.1(7) specifies that "[a]ny person who ... *has been* ... required to register under ... federal ... law" is also required to register under Missouri law; the Supreme Court has held that the obligation to register under § 589.400.1(7) continues *even after* the individual's federal registration obligation has expired. *Toelke*, 389 S.W.3d at 167 ("even if Doe presently is not required to register pursuant to SORNA, he 'has been' required to register as a sex offender [under federal law] and, therefore, is required to register pursuant to" § 589.400.1(7)); *accord, Horton v. State*, 462 S.W.3d 770, 773 (Mo. App. S.D. 2015); *Solomon v. St. Charles Cnty. Prosecuting Attorney's Office*, 409 S.W.3d 487, 489-90 (Mo. App. E.D. 2013). The Court has also held that where an offender is required to register under state law because they are subject to SORNA's registration obligation, "the registration requirement is not based solely on the fact of a past [state] conviction"; "[i]nstead, the state registration requirement is based on the person's *present* status as a sex offender who 'has been' required to register pursuant to SORNA." *Toelke*, 389 S.W.3d at 167 (emphasis added); *see also Keathley*, 290 S.W.3d at 720.

In light of *Toelke* and *Keathley*, Wilkerson is required to register under state law because of her *present* status as someone who is or has been subject to a federal registration requirement; her obligation to register under Missouri law is *not* "based solely on the fact of a past conviction." The statute on which Wilkerson's removal petition was based applies only to "person[s] on the sexual offender registry *for having been convicted of ... an offense included under subsection 1.*" § 589.400.8 (emphasis added). Wilkerson's obligation to register under § 589.400.1(7) is not based on her "having been convicted" of a sexual offense, however. She is required to register under § 589.400.1(7) because she has *separately* been required to register under the federal SORNA statute. Therefore, because she is subject to an independent State registration obligation under § 589.400.1(7), Wilkerson is not eligible for removal from Missouri's Sex Offender Registry pursuant to section 589.400.8, and the trial court misapplied the law by ordering removal of her name. This Court has reached this same result in numerous cases in which offenders were required to register because they fell within SORNA's definition of a "sex offender." *See James v. Mo. State Hwy. Patrol*, 505 S.W.3d 378, 383 (Mo. App. E.D. 2016); *Kennedy v. State*, 411 S.W.3d 873, 878 (Mo. App. S.D. 2013); *Grieshaber v. Fitch*, 409 S.W.3d 435, 439 (Mo. App. E.D. 2013); *see also Horton*, 462 S.W.3d at 774; *Isom*, 429 S.W.3d at 443; *Solomon*, 409 S.W.3d at 490.

There is some logic behind the holding of these cases. "[S]tate administrative and enforcement mechanisms, not federal criminal prosecution ..., 'stand at the center of

---

**5.** Under 34 U.S.C. § 20911(5)(C), "[a]n offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter ... if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." Wilkerson's offense is not subject to this exclusion, however, because she was more than four years older than her thirteen-year-old victim.

Congress' effort to account for missing sex offenders' in SORNA." *Doe v. Keathley*, 344 S.W.3d 759, 769 (Mo. App. W.D. 2011) (quoting *Carr v. United States*, 560 U.S. 438, 456, 130 S.Ct. 2229, 176 L.Ed.2d 1152 (2010)); *see also Isom*, 429 S.W.3d at 438. SORNA requires that every State "shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter," 34 U.S.C. § 20912(a), and "shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter." 34 U.S.C. § 20913(e); *see generally Carr*, 560 U.S. at 455-56, 130 S.Ct. 2229 (describing states' obligations under SORNA). The Act provides for the withholding of certain federal funding to any State "that fails, as determined by the Attorney General, to substantially implement this subchapter." 34 U.S.C. § 20927(a).

Wilkerson is considered a "Tier 1" offender under SORNA, which means that she is required to register for fifteen years, 34 U.S.C. § 20915(a), unless she establishes her entitlement to a reduction of the registration period to ten years by maintaining a "clean record." *See* 34 U.S.C. § 20915(b)(1). If the removal provisions of § 589.400.8 applied to Wilkerson, however, she would be eligible for release from registration requirements just *two years* after being convicted. If Missouri were to allow Wilkerson to obtain release from registration obligations within two years of her conviction, even though she constituted a Tier 1 sexual offender under SORNA, the State would arguably be failing to "substantially implement" SORNA's provisions, endangering Missouri's federal funding. We see no indication that the General Assembly intended not to fully discharge the State's obligations under SORNA, by allowing offenders like Wilkerson to obtain early release from their registration obligations.

The result we reach in this case is troubling. Under Missouri law considered in isolation, Wilkerson was entitled to petition for release from registration requirements within two years of conviction (because she was under nineteen, and committed a non-violent offense against a thirteen-year-old victim). § 589.400.8. To implement SORNA, the State was required to subject Wilkerson to registration for at least the minimum time period required by federal law: either ten or fifteen years, depending on whether Wilkerson maintained a "clean record." 34 U.S.C. §§ 20915(a), (b). Under the interpretation placed on § 589.400.1(7) in *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012), however, an offender is subject to a *lifetime* registration obligation under State law, if he or she was *ever* required to register under federal law.[6] Therefore, what began as a conviction for which Wilkerson was eligible for release from registration within two years, will now subject her to a *lifetime* registration obligation, based on the synergistic interplay between federal and State law. The lifetime registration obligation which results from *Toelke* is far longer than the registration obligation imposed by *either* State or federal law, considered in isolation. It is not clear that the General Assembly intended that an offender's registration obligation would "ratchet up" in this way.

## Conclusion

The judgment is reversed, and the case is remanded to the circuit court with the

---

**6.** The same rationale would apparently apply to offenders who were ever subject to a registration obligation under the laws of *another State*: § 589.400.1(7) imposes a Missouri registration obligation on anyone who "*has been* or is required to register in another state" (emphasis added), language similar to that interpreted in *Toelke*.

direction that it dismiss Wilkerson's petition, since she has failed to show that she is currently entitled to relief under §§ 589.400.8 and .9.

All concur.