ROBERT G. DOWD, JR., Judge
John Doe ("Petitioner") appeals from the judgment of the trial court denying his petition for declaratory judgment against Colonel John Belmar, St. Louis County Chief of Police, and Colonel Ronald Replogle, Superintendent of the Missouri State Highway Patrol (collectively, "Respondents") seeking Petitioner's removal from the sex offender registry and destruction of records referencing him contained in the sex offender registry. We affirm.
Petitioner was charged in 1997 with misdemeanor second-degree sexual abuse for subjecting the victim, who was twelve or thirteen, to sexual contact. Petitioner eventually pled guilty to an amended charge of attempted endangering the welfare of a child in the first degree. Specifically, the charging information indicated that Petitioner "attempted to act in a manner that created a substantial risk to the body and health of [the victim], a child less than 17 years old, by having her disrobe in front of him, and such conduct was a substantial step toward the commission of the crime of endangering the welfare of a child and was done for the purpose of preventing [sic][1] the commission of the crime of endangering the welfare of a child in the first-degree." The plea court suspended imposition of the sentence and placed Petitioner on probation for two years. He was not required to register as a sex offender. Then, in December 2014, Petitioner was informed by the St. Louis County Police Department that he was required to register. He complied and filed his petition for declaratory judgment.
After a bench trial during which the trial court heard testimony from both Petitioner and the victim, the trial court found that Petitioner was not entitled to removal from the sex offender registry. The trial court concluded that it was required to employ a non-categorical approach and that thereunder, Petitioner must register given the nature of his offense. This appeal follows.
*417 For his sole point on appeal, Petitioner claims that the trial court erred in applying a non-categorical, also known as circumstance-specific approach, rather than a categorical approach when determining whether or not Petitioner had an obligation to register as a sex offender. He argues that the non-categorical approach improperly looks beyond the statutory definitions of offenses, is at odds with the language of the federal Sex Offender Registration and Notification Act ("SORNA"), is disruptive to plea bargaining and violates Petitioner's rights under the Fifth and Sixth Amendments to the U.S. Constitution. Petitioner contends the use of the word "convicted" in the relevant section of SORNA rather than a phrase such as "has committed," the importance of honoring the plea bargain process and Fifth Amendment and Sixth Amendment concerns mandate a categorical approach.[2] None of these considerations as presented by Petitioner in this case convince us to abandon the clear precedent established by this Court and the Western District requiring the use of the non-categorical approach. See Doe v. Isom , 429 S.W.3d 436 (Mo. App. E.D. 2014) ; Wilkerson v. State , 533 S.W.3d 755 (Mo. App. W.D. 2017). Finding no error in the trial court's use of the non-categorical approach, we affirm.
We will uphold the judgment of the trial court "unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." Isom , 429 S.W.3d at 439 (citing Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ). Issues of statutory construction are questions of law which we review de novo, giving no deference to the trial court's conclusions. Id.
Sex offenders may be required to register in Missouri under SORNA or under Missouri law, the Sex Offender Registration Act ("SORA"). 34 U.S.C. §§ 20901 et. seq and RSMo. §§ 589.400 et. seq. According to the Missouri Supreme Court, "SORNA imposes an independent, federally mandated registration requirement," and the SORA registration requirements apply, among others, "to any person who 'has been' required to register as a sex offender pursuant to federal law." Doe v. Toelke , 389 S.W.3d 165, 167 (Mo. banc 2012) ; see Section 589.400.1(7). Because of this interplay between federal and state law, if Petitioner has been required to register under SORNA, he has a separate duty to register under SORA. See Toelke , 389 S.W.3d at 167.
SORNA requires a "sex offender" to "register, and keep the registration current, in each jurisdiction where the offender resides." 34 U.S.C. § 20913(a) ; Wilkerson , 533 S.W.3d at 758. A "sex offender" is defined as "an individual who was convicted of a sex offense."[3]
*418 34 U.S.C. § 20911(1) ; Wilkerson , 533 S.W.3d at 758. A "sex offense" under SORNA, and as applied here, includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii) ; Wilkerson , 533 S.W.3d at 758. SORNA's definition of a "specified offense against a minor" includes a catchall provision: "[a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I) ; Wilkerson , 533 S.W.3d at 758.
Similar to the present case, in Doe v. Isom , this Court reviewed the trial court's decision on a petition for declaratory judgment seeking to remove the petitioner's name from state and federal sex offender registries after the petitioner pled guilty to endangering the welfare of a child. Isom , 429 S.W.3d at 437. We noted that while this particular crime "is not in and of itself a sexual offense" in that it can include "non-sex" acts, it "can relate to sexual offenses." Id. at 441 (emphasis in original). The petitioner in Isom asserted that he was not required to register as a sex offender because he was not charged with nor pled guilty to committing a "sex offense" in that no element of the offense required conduct involving a sexual act. Id. at 442. We were faced with the question of whether a "sex offense" for purposes of registration under SORNA required a court to look solely to the statutory definition and elements of the underlying offense-a categorical approach-or to the underlying conduct and facts of the offense-a non-categorical or circumstance-specific approach. Id.
We ultimately elected to follow the non-categorical approach. Id. at 443. We looked beyond the guilty plea to the underlying facts of the offense to determine whether the petitioner's offense qualified as a "sex offense." Id. Citing to federal court decisions, we noted that a "specified offense against a minor" under 42 U.S.C. § 16911(7), now recodified at 34 U.S.C. § 20911(7), contained no reference to "elements" of crime or "convictions" but to "offenses." Id. at 442 (citing U.S. v. Dodge , 597 F.3d 1347 (11th Cir. 2010) (en banc) ). We noted that the catchall provision, "[a]ny conduct that by its nature is a sex offense against a minor," "could not be any broader." Id. (quoting Dodge , 597 F.3d at 1354-56 ). This indicated "that Congress intended for courts to examine an offender's underlying conduct." Id. (citing Dodge , 597 F.3d at 1354-56 ). When we considered the petitioner's conduct and the facts leading to his guilty plea in Isom , which were sexual in nature, we concluded that he had been convicted of a criminal offense specified against a minor. Id. at 443. Therefore, the non-categorical approach led to the classification of the petitioner's offense as a "sex offense" under SORNA, requiring him to register under SORNA. Id. at 443. Because the petitioner was required to register under SORNA, we found he was required to register as a sex offender under SORA. Id.
The Western District followed a similar approach in Wilkerson v. State , in which the petitioner sought to be removed from the sex-offender registry after pleading guilty to sexual misconduct involving a child. 533 S.W.3d at 756. In determining whether the petitioner had been separately required to register under SORNA, the Western District considered whether the petitioner had pled guilty to a "specified offense against a minor." Id. at 759. In doing so, the Western District looked not only to the statute under which the petitioner was convicted but also to the underlying facts of her offense which were sexual in nature and ultimately concluded that "she was convicted of an offense which 'by its nature is a sex offense against a minor.' " Id. (quoting *419 34 U.S.C. § 20911(7)(I) ).[4]
Based upon this precedent in which both this Court and the Western District have explicitly held that the trial court should apply the non-categorical approach when determining whether petitioners have ever been required to register under SORNA, thereby creating a separate duty to register under SORA, we find no error in the trial court's use of such an approach here. Petitioner tries to avoid this conclusion by including additional arguments for use of the categorical approach not explicitly addressed in Isom and Wilkerson and also not explicitly addressed by the trial court.
In particular, Petitioner argues that the categorical approach follows the text of SORNA in that the use of the word "convicted" in § 20911(1) rather than a phrase such as "has committed" implies that Congress was focused on an individual's convictions irrespective of the underlying facts. Petitioner argues that because SORNA defines a "sex offender" as an individual who was convicted of a sex offense, Congress intended for a reviewing court to look at the fact that an individual was convicted of a sex offense, not the facts underlying the conviction. We are not persuaded. First, this Court in Isom and the Western District in Wilkerson were well-aware of SORNA's definition of "sex offender" at the time of their respective opinions upholding the use of the non-categorical approach. Isom , 429 S.W.3d at 439 ("SORNA defines a 'sex offender' as an 'individual who was convicted of a sex offense." (emphasis added) ); Wilkerson , 533 S.W.3d at 758 ("A 'sex offender' is "an individual who was convicted of a sex offense." (emphasis added) ). Second, the narrow application of the statute advocated by Petitioner conflicts with the congressional intent to capture a wider range of conduct and give the courts broad discretion to determine what qualifies as a sex offense for these purposes:
In passing SORNA, Congress left courts with broad discretion to determine what conduct is 'by its nature' a sex offense. Indeed, Congress's stated purpose was to capture a wider range of conduct in its definition of sex offense.... Our review of the language of SORNA confirms our conclusion that Congress cast a wide net to ensnare as many offenses against children as possible.
Wilkerson , 533 S.W.3d at 755 (quoting Dodge , 597 F.3d at 1355 ). Further, SORNA's definition of "specified offense against a minor" also expressly includes "[a]ny conduct that by its nature is a sex offense against a minor." § 20911(7)(I) (emphasis added). Rather than identifying specific sex offenses or referencing provisions of the criminal code, the use of words like "conduct" and "nature" suggests a reviewing court should consider the conduct and circumstances at issue and not limit itself to the conviction in determining what constitutes a "sex offense" for purposes of SORNA's registration requirements. See U.S. v. Dodge , 597 F.3d 1347, 1354-55 (11th Cir. 2010) ; U.S. v. Price 777 F.3d 700, 709 (4th Cir. 2015).
Petitioner also asserts that the trial court erred in applying the non-categorical approach because use of the categorical approach honors plea bargaining. Petitioner contends that he made the decision to enter into a plea agreement because he had no obligation to register as a sex *420 offender. He asserts that for individuals in his situation, "the whole point of pleading guilty to a different offense is to obtain the benefit of not having to register as sex offender." Petitioner further asserts that where an individual pleads to a lesser-included offense, the non-categorical approach subjects him to a mini-trial on, and an enhanced punishment via sex offender registration for, a broader crime than that to which he pled. Petitioner asserts that when a defendant pleads guilty to an offense, he forfeits his right to a trial and admits only the facts contained in the charge, and those are found by the court to be beyond a reasonable doubt. Petitioner argues that applying a non-categorical approach results in some other court making factual findings at the lower evidentiary standard of preponderance of the evidence.
Again, we are not persuaded by these considerations as presented by Petitioner. First, this Court's decision in Isom to apply the non-categorical approach was similarly based on the petitioner's previous guilty plea to endangering the welfare of a child. Second, Petitioner never provided evidence that his plea agreement included a provision that he would not be required to register as a sex offender. Even assuming arguendo that any party to the plea agreement would have any authority whatsoever to include such a provision in a plea offer, there is nothing in the record before us-including the transcript of Petitioner's testimony at the hearing before the trial court-of any such provision or Petitioner's reliance on such a provision. Third, to the extent Petitioner's arguments here are based on his claims that the non-categorical approach leads to enhanced punishment and subsequent mini-trials on broader offenses and based upon a lower evidentiary standard, these claims are essentially Fifth and Sixth Amendment claims, which brings us to Petitioner's final claim.
Petitioner asserts that the categorical approach should be used because the non-categorical approach presents Fifth Amendment double jeopardy concerns as well as Sixth Amendment concerns. However, the Missouri Supreme Court has determined that the sex offender registration requirement is "civil and not punitive." Roe v. Replogle , 408 S.W.3d 759, 766-67 (Mo. banc 2013) (citing Doe v. Phillips , 194 S.W.3d 833, 842 (Mo. banc 2006) ); accord R.W. v. Sanders , 168 S.W.3d 65, 69-70 (Mo. banc 2005). As such, Petitioner's claims do not invoke the protections of the Fifth Amendment double jeopardy clause or the Sixth Amendment.[5] Accordingly, we find *421 no error in the trial court's application of the law and affirm.
Point denied.
Judgment is affirmed.
Philip M. Hess, P.J. and Mary K. Hoff, J., concur.

With respect to the word "preventing" used in the charge, the trial court explicitly found "it likely that the word 'preventing' was a typographical error and was likely intended to read 'committing', and to conclude otherwise would be incongruent."

Any other claims raised in Petitioner's point relied on but not addressed in the argument section of his brief, including his Missouri constitutional claims, are abandoned. Wright v. Barr , 62 S.W.3d 509, 528 (Mo. App. W.D. 2001) ("Argument raised in the points relied on that are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing further for appellate review.").

While the sentencing court here suspended imposition of the sentence and placed Petitioner on probation, "federal law, not state law, controls the question of whether a prior state-court guilty plea, followed by probation and SIS, constitutes a conviction which triggers SORNA's registration requirements." Doe v. Replogle , 344 S.W.3d 757, 758-59 (Mo. App. W.D. 2011) (internal quotation marks and brackets omitted). "[U]nder federal law, such a state-court disposition constitutes a prior conviction. Id. at 759 (internal quotation marks omitted).

Following Wilkerson , the Western District in Carr v. Missouri Attorney General Office , 560 S.W.3d 61, 65 (Mo. App. W.D. 2018), again noted that a circumstance-specific (or non-categorical) approach is applied "to determine whether an individual meets SORNA's definition of 'sex offender.' "

Petitioner cites Descamps v. U.S. , 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) for support of his claims that the non-categorical approach presents Sixth Amendment concerns. In Descamps , the U.S. Supreme Court held that a modified categorical approach could not be used to determine sentencing enhancements based on prior convictions under the Armed Career Criminal Act ("ACCA"). Id. at 278, 133 S.Ct. 2276. The ACCA deals specifically with enhanced punishment, which is different from the sex offender registry that our courts have noted are civil and not punitive, and a ruling in Petitioner's favor based upon the Sixth Amendment concerns presented in Descamps would require us to treat a proceeding related to sex offender registry as criminal, which is inconsistent with the case law noted above. In addition, the U.S. Supreme Court's decision in Descamps is based upon its analysis of the ACCA, and we do not read the decision as foreclosing a different result based upon analysis of a different statute for different purposes. In fact, in Nijhawan v. Holder , 557 U.S. 29, 40, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), in its analysis of the Immigration and Nationality Act, the U.S. Supreme Court upheld the use of the non-categorical approach in analysis of previous crimes for immigration purposes based upon the specific language of that statute. Accordingly, we decline Petitioner's invitation to change course from our previous holdings based on the Sixth Amendment concerns raised in Descamps .