

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| GARY NELSON FORD, | ) | No. ED109958 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | Cause No. 18SL-CC04833 |
| | ) | |
| COL. JON BELMAR, CHIEF OF POLICE AS | ) | |
| CHIEF LAW ENFORCEMENT OFFICER OF | ) | Honorable Virginia W. Lay |
| ST. LOUIS COUNTY, PURSUANT TO | ) | |
| COUNTY CHARTER, | ) | Filed: June 7, 2022 |
| AND | ) | |
| JIM BUCKLES, SHERIFF OF ST. LOUIS | ) | |
| COUNTY AS "CHIEF LAW | ) | |
| ENFORCEMENT OFFICIAL" AS DEFINED | ) | |
| BY RSMO 589.404(3), | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION

Gary Nelson Ford ("Petitioner") appeals the judgment denying his petition for removal from the sex offender registry. Petitioner contends the trial court misstated and misapplied the law by concluding that he must remain on the registry for his lifetime. We reverse and remand.

### I. Background

In January of 2004, Petitioner was convicted after pleading guilty to three counts of child molestation in the second degree for subjecting a minor to sexual contact. It is undisputed that he was obligated to register as a sex offender under Missouri's Sex Offender Registration Act

1

("MO-SORA") for two reasons: (a) because child molestation is an enumerated registerable offense set out in MO-SORA and (b) because, pursuant to § 589.400.1(7),[1] he "has been or is" required to register for that offense under the federal Sex Offender Registration and Notification Act ("SORNA").[2] Petitioner's obligation to register in Missouri and the sources of that obligation are not in question in this case, only the duration of his registration period.

Petitioner has been duly registered in Missouri since 2004. At that time, "[MO-]SORA treated all sexual offenses the same and imposed on all offenders a lifetime registration requirement, with limited exceptions." *Bacon v. Missouri State Highway Patrol*, 602 S.W.3d 245, 247 (Mo. App. E.D. 2020). Effective August 28, 2018, sexual offenders were divided into three tiers, each with a different registration period, and only adult tier III offenders are still required to register for their lifetimes. *See* §§ 589.400.1(1), 589.414.5 -.7, and 589.400.4(1)-(3). There is no dispute that Petitioner's child molestation conviction is a tier I offense subject to a 15-year registration period, which can be reduced to ten years if the offender maintains a clean record. *See* §§ 589.414.5(1)(n), 589.400.4(1), and 589.400.5.

Under the 2018 amendments, tier I and II offenders already on the registry are permitted to petition for removal. §§ 589.400.10 and 589.401. "The legislature intended for those currently on the registry to get the benefit of the new shorter registration time periods for offenses that are now deemed to be in the lower severity tiers." *Bacon*, 602 S.W.3d at 247. A tier I offender may file a petition for removal after ten years on the registry. § 589.401.4(1). In December of 2018, after almost 15 years on the registry, Petitioner filed a petition alleging that as a tier I offender he was eligible for removal. The Missouri State Highway Patrol and the other named defendants,

---

[1] Unless otherwise noted, all references to the Missouri statutes are to Mo. Rev. Stat. Cum. Supp. 2021.

[2] SORNA is currently found at 34 U.S.C. §§ 20901, *et seq.*, having been transferred in 2017 from 42 U.S.C. §§ 16901, *et seq.*

Colonel Jon Belmar and Sheriff Jim Buckles, (collectively "MSHP") presented no evidence at the hearing to contradict any of the facts alleged in the petition or otherwise attempted to show that Petitioner had not satisfied the statutory criteria for removal of a tier I offender. *See* § 589.401. MSHP argued only that, irrespective of his eligibility for removal based on his status as a tier I offender, because Petitioner was also obligated to register pursuant to § 589.400.1(7), he must remain on the registry for his lifetime. The trial court agreed, and the petition was denied on the ground that § 589.400.1(7) mandates lifetime registration.[3]

This appeal follows.

## II.    Standard of Review

We will affirm the judgment of the trial court in this case unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Doe v. Isom*, 429 S.W.3d 436, 439 (Mo. App. E.D. 2014) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). Petitioner contends the trial court misstated and misapplied MO-SORA and the case law interpreting it. This is a question of law involving statutory construction, which we review *de novo,* giving no deference to the trial court's conclusions. *Id.* Our primary obligation when construing a statute is to ascertain and give effect to the legislature's intent based on the plain and ordinary meaning of language used therein. *Bacon*, 602 S.W.3d at 248.

## III.    Discussion

As noted above, there is no dispute that Petitioner had an obligation to register under § 589.400.1(7). MSHP contends that § 589.400.1(7) has long been interpreted as requiring the

---

[3] The judge presiding over this case also denied another tier I offender's petition for removal under similar circumstances and on identical grounds. The judgment in that case was appealed, and another division of this Court is also handing down its opinion concurrently with this Opinion, reversing and remanding for the same reasons set forth herein. *See Smith v. Missouri State Highway Patrol*, ED109734.

registrant to remain on the registry for his lifetime and insists this interpretation is applicable even to tier I offenders like Petitioner who are no longer subject to lifetime registration under the 2018 amendments. We disagree.

First, the plain language of § 589.400.1(7) does not now--nor has it ever--said anything about the *duration* of the registration required thereunder, only that the provisions of MO-SORA apply to anyone who "has been or is" required to to register under SORNA:

> 1. Sections 589.400 to 589.425 shall apply to:
> . . .
> (7) Any person who is a resident of this state who has, since July 1, 1979, been or is hereafter adjudicated in any other state, territory, the District of Columbia, or foreign country, or under federal, tribal, or military jurisdiction for an offense which, if committed in this state, would constitute an offense listed under section 589.414, or has been or is required to register in another state, territory, the District of Columbia, or foreign country, or has been or is required to register under tribal, federal, or military law; . . .

§ 589.400.1(7). This provision does no more than impose on Petitioner an *obligation to register* based on his registration status under SORNA. *Accord Smith,* ED109734, at 24-25, 32. MSHP contends the phrase "has been" in § 589.400.1(7), as interpreted by prior case law, supports its contention that the duration of registration under that provision is "lifetime." Our courts have construed the "has been" language in § 589.400.1(7) to mean that one who has ever been obligated to register under federal law will always--for his or her lifetime--be obligated to register under MO-SORA: "[A]n offender is subject to a *lifetime* registration <u>obligation</u> under State law, if he or she was *ever* required to register under federal law." *Wilkerson v. State*, 533 S.W.3d 755, 761 (Mo. App. W.D. 2017) (italicized emphasis in *Wilkerson*, underlined emphasis added) (citing *Doe v. Toelke,* 389 S.W.3d 165, 167 (Mo. banc 2012)).[4] But the fact that the obligation itself exists for an offender's lifetime does not *necessarily* mean that once that

---

[4] For a more detailed discussion of *Toelke* and its progeny, see *Smith*, ED109734, at 15-20.

4

offender is registered pursuant to § 589.400.1(7), the duration of the registration period is for his or her lifetime. Section 589.400.1(7) simply does not answer the question of how long a registrant must stay on the registry.

To determine the duration of a registration period, one must consult other provisions of MO-SORA. *Accord Smith,* ED109734, at 25. Of course, prior to the 2018 amendments, § 589.400.3 provided that *all* offenders on the registry were required to remain on it for their lifetimes, including those obligated to register pursuant to § 589.400.1(7). As such, cases from the pre-amendment era refer to § 589.400.1(7) as imposing a "lifetime" registration requirement because that was the duration of all registration periods at the time. *See Smith* (discussing pre-amendment case law). Those cases do not, however, stand for the proposition that § 589.400.1(7) *itself* mandates a lifetime registration period. They were simply applying the lifetime registration period in § 589.400.3 to those obligated to register under § 589.400.1(7). As the Court in *Toelke* pointed out, § 589.400.1 expressly provided that §§ 589.400 to 589.425--which included MO-SORA's "lifetime registration requirements"--"shall apply to" those offenders obligated to register under § 589.400.1(7). 389 S.W.3d at 167. We are bound by § 589.400.1 to apply the *current* registration periods set out in § 589.400.4 to offenders obligated to register because of § 589.400.1(7).

Under § 589.400.4, tier I and II offenders are no longer required to remain on the registry for the duration of their lifetimes, but for a period of 15 and 25 years respectively.[5] "[T]o account for the fact that newly classified tiers I and II offenders no longer are required to remain on the

---

[5] We fail to see how applying these shorter registration periods--which *mirror* those in SORNA--to § 589.400.1(7) could, as MSHP suggests, jeopardize Missouri's substantial compliance with SORNA and the federal funding tied thereto. Such funding can be endangered by exempting SORNA offenders from registering at all, *see Selig*, 604 S.W.3d 823, or removing registrants earlier than SORNA permits, *see Wilkerson*, 533 S.W.3d at 761. But that is not the case here: Petitioner has been on the registry for longer than SORNA requires for tier I offenders.

registry for their lifetimes, [MO-]SORA allows those offenders to seek removal under [§] 589.400.10." *Hixson v. Missouri State Highway Patrol*, 611 S.W.3d 923, 925-26 (Mo. App. E.D. 2020) (affirming dismissal of adult tier III offender's petition for removal because those offenders are still required to remain on the registry for their lifetime). The implementation of this tiered system in 2018 was an indication of the legislature's belief that "not all sex offenses are equally severe" and not all sex offenders need to be monitored by way of registration for their entire lifetimes. *Bacon*, 602 S.W.3d at 250. MSHP insists that despite the implementation of shorter registration periods for tier I and II offenders, those with an independent obligation to register under § 589.400.1(7) must remain on the registry for their lifetime. Construing the statute that way would be directly contrary to the purpose of the 2018 amendments. It appears that the large majority of, if not all, tier I and II offenses also constitute "sex offenses" under SORNA, such that those offenders are obligated to register both because of the enumerated offense and under § 589.400.1(7). If we adopted MSHP's position, none of these offenders would ever be eligible for removal, rendering much of the 2018 amendments meaningless.[6] *Accord Smith*, ED109734, at 25, 28-29.

MSHP cites *Selig v. Russell,* 604 S.W.3d 817 (Mo. App. W.D. 2020) to support its position that tier I and II offenders otherwise eligible for removal must nevertheless remain on the registry for their lifetime if they are also obligated to register under § 589.400.1(7). As more fully discussed in *Smith*, *Selig* addressed only whether a person exempt from registration under a new MO-SORA provision could nevertheless still have an independent obligation to register

---

[6] MSHP claims that there are some tier I or II offenders whose only obligation to register under MO-SORA derives from the adjudication of an enumerated offense (because they do not constitute "sex offenders" under SORNA) and thus not *all* tier I and II offenders would be precluded from seeking removal under its interpretation. To the extent it exists, we suspect this is a very small subset of offenders. And, in any event, the existence of such a subset does not convince us that MSHP's position is correct.

under § 589.400.1(7). The duration of the registration period for a registrant under § 589.400.1(7) was not before the court in *Selig*, and we do not find any of the non-dispositive references it made to § 589.400.1(7)'s "lifetime registration requirement" binding authority on the issue of whether Petitioner in this case must remain on the registry for his lifetime. To the extent *Selig* is precedential on this issue, we decline to follow it for the reasons stated in *Smith*. *See Smith*, ED109734, at 26-31.

In sum, the trial court erroneously declared and applied the law by concluding that, irrespective of his status as a tier I offender, Petitioner was not eligible for removal from the registry because he was subject to registration under § 589.400.1(7) and must remain on the registry for his lifetime. Points I, II and III are granted. Because Petitioner is a tier I offender, has been registered in Missouri at this point for over 15 years, and has otherwise satisfied all the requirements for removal in § 589.401, he is entitled to have his petition for removal granted and his name ordered removed from the registry.

## V.     Conclusion

The judgment is reversed, and the case is remanded to the trial court with directions to grant Petitioner's petition for removal and order his name removed from the registry without further delay.

_____
Colleen Dolan, J.

Philip M. Hess, P. J., and
Angela T. Quigless, J., concur.

7