DATE MODIFIED: APRIL 1, 2025



# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| THOMAS ISEMAN, | ) |
| | ) |
| Appellant, | ) |
| | ) WD87117 |
| v. | ) |
| | ) OPINION FILED: |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS AND | ) FEBRUARY 19, 2025 |
| COLONEL ERIC OLSON, SUED IN HIS | ) |
| OFFICIAL CAPACITY AS | ) |
| THE SUPERINTENDENT OF THE | ) |
| MISSOURI STATE HIGHWAY PATROL, | ) |
| | ) |
| Respondents. | ) |

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Christopher K. Limbaugh, Judge

### Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding, Cynthia L. Martin, Judge, Gary D. Witt, Judge

Thomas Iseman, Jr. appeals the judgment of the Cole County Circuit Court. Iseman filed a petition seeking a declaratory judgment regarding whether he had to register as a sex offender under Missouri's Sex Offender Registration Act. The trial court granted summary judgment against Iseman, ordering him to register as a sex offender in Missouri. In two points on appeal, Iseman claims the trial court erred because the facts underlying his criminal convictions were not sexual in nature. The judgment is affirmed.

## Facts

In 2016, the State of Missouri charged Iseman in the Cedar County Circuit Court with first-degree child molestation and first-degree statutory sodomy in Case No. 16CD-CR-00289. The information alleged that Iseman committed the child molestation offense in February 2016, by "knowingly subjecting [the victim] who was then less than fourteen years old to sexual contact by touching her belly and vagina with defendant's hand and/or penis." The information alleged that Iseman committed first-degree statutory sodomy on the same date, when, "for the purpose of arousing or gratifying [his] sexual desire ..., [Iseman] had deviate sexual intercourse with [the victim], who was then less than twelve years old, by touching her belly and vagina with his hands and/or penis." The victim was a child Iseman was babysitting.

The case was later transferred to the Dade County Circuit Court. Pursuant to an agreement with the State of Missouri, Iseman pleaded guilty in August 2020 to two counts of the class D felony of harassment under section 565.090, RSMo Cum. Supp. 2015. The amended information to which Iseman pleaded guilty alleged: (1) that he "purposely caused emotional distress to [the victim] by touching [the victim] on the belly and such act did cause emotional distress to [the victim]"; and (2) that he "purposely caused emotional distress to [the victim] by entering her room in the middle of the night without wearing any pants and such act did cause emotional distress to [the victim]." Iseman was sentenced to consecutive terms of four years imprisonment in the Missouri Department of Corrections on each count.

In March 2021, while still incarcerated, Iseman filed a petition for declaratory judgment naming the Missouri Department of Corrections and the Superintendent of the Missouri State Highway Patrol (collectively "the State") as the defendants. He asked the trial court to declare whether Iseman had to register as a sex offender under Missouri's Sex Offender Registration Act ("SORA"). The State filed a motion to dismiss on the basis that the case was not ripe and that Iseman had an adequate remedy under section 589.401.[1] The trial court granted the State's motion to dismiss.

Iseman appealed to this court where the dismissal was reversed and the case was remanded for further proceedings. *Iseman v. Missouri Dept. of Corrections*, 660 S.W.3d 684, 687 (Mo. App. W.D. 2023). This court determined that the dismissal could not be sustained on the basis of ripeness or adequate remedy under section 589.401. *Id*. at 692-93. Iseman asked this court to rule that he is not subject to SORA. *Id*. at 693. While declining to do so, this court stated the following:

> The circuit court decided the State's motion to dismiss based solely on the allegations of Iseman's petition. Until the record establishes the facts underlying his convictions, however, neither we nor the circuit court can determine whether those convictions were based on "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I), and therefore whether he is required to register under § 589.400.1.

> The circuit court must decide, in the first instance, whether the facts underlying Iseman's convictions were sexual in nature. We cannot decide that issue on the present record. The case must accordingly be remanded for further proceedings in the circuit court.

---

[1] All statutory citations are to RSMo 2016 as updated through the most recent cumulative supplement unless otherwise indicated.

*Id.* at 694.

On remand, the State filed a motion for summary judgment arguing that the facts underlying Iseman's convictions were sexual in nature. The motion asserted the following statement of uncontroverted material facts:

1. On or about August 31, 2020, Iseman pleaded guilty to two counts of Harassment by Person 21 Years or Older against Person 17 Years of Age or Younger, Class D Felony.

2. These crimes occurred on or about February 14, 2016.

3. Count I says that Iseman "purposely caused emotional distress to [the victim] by touching [the victim] on the belly[.]"

4. Count II says that Iseman "purposely caused emotional distress to [the victim] by entering her room in the middle of the night without wearing any pants[.]"

5. At the plea hearing, the court read the relevant portions of the Amended Information to ensure that is what Iseman was pleading guilty to.

6. In addition to the facts contained in the Amended Information, the prosecutor provided facts regarding the offenses at the plea hearing.

7. [The victim], the child victim, was seven years old when the crimes occurred.

8. Iseman had previously baby-sat [the victim], and was baby-sitting [the victim] at the time of the crimes.

9. Iseman entered [the victim's] bedroom at night while she was sleeping.

10. Iseman "was touching her on the outside of her clothes and rubbing on her stomach or belly."

11. [The victim's] panties and clothes were on.

4

12. After Iseman began touching and rubbing her stomach, [the victim] woke up.

13. Iseman's rubbing and touching of her belly caused her distress.

14. When Iseman entered [the victim's] bedroom, he was not wearing any clothes.

15. [The victim] saw Iseman in the nude, which caused her additional emotional distress.

16. When Iseman touched and rubbed [the victim's] belly, he was not wearing any clothes.

17. After the prosecutor presented the facts and circumstances of the offenses, Iseman did not dispute these facts and admitted that, based on these facts, a jury could find him guilty beyond a reasonable doubt.

(Citations to supporting documents omitted). Iseman admitted all 17 facts, though he did clarify:

Petitioner would clarify that the transcript does not reflect that that petitioner touched [the victim] on any particular part of her body other than her stomach or her body. The transcript does not reflect that petitioner touched [the victim] on her genitals, breasts, buttocks, or anus, for instance.
…
Petitioner would clarify that the transcript does not reflect anything beyond petitioner was nude or did not have any clothes on. The transcript does not reflect that [the victim] observed any particular body part of petitioner such as his penis, buttocks, or anus, only that she observed him to be nude or without any clothes on.

Iseman filed a cross-motion for summary judgment based on the State's statement of uncontroverted material facts. He argued that the undisputed facts fail to show that conduct underlying his offenses was sexual in nature.

5

The trial court found that Iseman's clarifications did not create a genuine dispute of material fact and that there was not a genuine dispute of material fact. It found that the State was entitled to judgment as a matter of law:

> The undisputed facts show Minor Victim was seven years old at the time. Iseman entered her bedroom at night without any clothes on his person. He began rubbing her belling(sic) over her clothes, which woke her up. Petitioner admits that "seeing Iseman not wearing clothes caused [Minor Victim] emotional distress." It is therefore undisputed that Minor Victim suffered emotional distress because she saw Iseman in the nude as he rubbed her belly. Exposing oneself in the nude to a seven year old child, and rubbing her belly simultaneously, is conduct that is sexual in nature.

The trial court granted summary judgment in favor of the State. This appeal follows.

**Standard of Review**

"This Court reviews a circuit court's grant of summary judgment *de novo.*" *Weeks v. St. Louis Cnty.*, 696 S.W.3d 333, 338 (Mo. banc 2024) (internal quotation marks omitted). "In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper." *Id.* (internal quotation marks omitted). "Summary judgment is proper if the moving party establishes there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Id.* (internal quotation marks omitted).

**Analysis**

6

Iseman's first point on appeal pertains to the first count Iseman pled guilty to: the class D felony of harassment when he "purposely caused emotional distress to [the victim] by touching [the victim] on the belly and such act did cause emotional distress to [the victim]." He claims that touching the victim on the belly was not sexual in nature as necessary to trigger the reporting requirements of SORA. Iseman states that he was entitled to a declaration that he was not required to register as a sex offender.[2]

Iseman's second point on appeal pertains to the second count Iseman pled guilty to: the class D felony of harassment when he "purposely caused emotional distress to [the victim] by entering her room in the middle of the night without wearing any pants and such act did cause emotional distress to [the victim]." He claims that entering the victim's room in the middle of the night without wearing any pants was not sexual in nature as necessary to trigger the reporting requirements of SORA. Iseman states that he was entitled to a declaration that he was not required to register as a sex offender.

As noted above, this court has already determined the relevant question presented to the trial court:

> Iseman's felonies of harassment are not specifically identified in § 589.400.1 as sexual offenses triggering a registration obligation. Section 589.400.1(7) also provides, however, that an individual is required to

---

[2] "Generally, an order denying a party's motion for summary judgment is not a final judgment and is therefore not subject to appellate review." *Shelter Mut. Ins. Co. v. Hill*, 688 S.W.3d 638, 644 (Mo. App. W.D. 2024) (internal quotation marks omitted). "The denial of a motion for summary judgment, however, may be reviewable when, as in this case, the merits of the motion for summary judgment are intertwined with the propriety of an appealable order granting summary judgment to another party." *Id*. (internal quotation marks omitted). Because the current case involves the application of law to the same set of stipulated facts, we will review both the grant and denial of summary judgment. *See id.*

register as a sex offender under Missouri law if the individual "has been or is required to register ... under ... federal ... law." The Missouri Supreme Court described the relevant provisions of the federal Sex Offender Registration and Notification Act ("SORNA") in [*Doe v. Frisz*, 643 S.W.3d 358 (Mo. banc 2022)]:

> SORNA requires a "sex offender" to register. 34 U.S.C. § 20913(a) (2018). SORNA broadly defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1) (2018). A "sex offense" includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii) (2018). Finally, the definition of "specified offense against a minor" contains a catchall provision that includes "[a]ny conduct that ***by its nature*** is a sex offense against a minor." 34 U.S.C. § 20911(7)(I) (2018) (emphasis added).

643 S.W.3d at 362; *see also Smith v. St. Louis Cnty. Police*, Nos. SC99714 & SC99715, 659 S.W.3d 895, 899–900 (Mo. Jan. 31, 2023).

*Frisz* explains that courts must examine the facts underlying a particular conviction to determine whether an offense is "by its nature ... a sex offense" within the meaning of SORNA's catchall provision.

> Missouri courts have applied a non-categorical approach when determining whether an offense included conduct that by its nature was a sex offense against a minor. *Doe v. Isom*, 429 S.W.3d 436, 443 (Mo. App. 2014). The non-categorical approach allows courts to look "beyond the guilty plea to the underlying facts of the offense to determine whether the petitioner's offense qualifie[s] as a sex offense." *Doe v. Belmar*, 564 S.W.3d 415, 418 (Mo. App. 2018) (quotation marks omitted). A categorical approach, on the other hand, would permit courts to "look only to the fact of conviction and the statutory definition of the prior offense." *Isom*, 429 S.W.3d at 442 n.7 (quotation marks omitted).

*Frisz*, 643 S.W.3d at 362.

*Frisz* explained that, under the non-categorical approach, the court may look beyond the statutory definition of an offense, to consider "the circumstances of the crime to which [the defendant] pleaded guilty," meaning "the underlying conduct on which the conviction is based." *Id.* at 363, 364.

*Iseman*, 660 S.W.3d at 693–94 (emphasis in original).  The trial court found that, pursuant to the admitted summary judgment facts, Iseman's actions toward minor victim were sexual in nature.

In the current case, the State's uncontroverted material facts were drawn from the amended information, the guilty plea transcript, and the sentencing transcript.  Iseman argues that, under the non-categorical approach, the trial court should have looked beyond the conviction only to the charging document.  He notes that Rule 23.01(b)(2) states that "[t]he indictment or information shall … [s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged, including facts necessary for any enhanced punishment."

In *Doe v. Isom*, 429 S.W.3d 436, 441-42 (Mo. App. E.D. 2014), the court determined that the offense of endangering the welfare of a child in the first degree was sexual in nature because the charging document stated that the defendant created a substantial risk to the life and health of the minor victim by disseminating nude pictures of the victim touching her genitals.  The Eastern District found:

> Obviously, the *charging document* demonstrates that Doe's conduct was not merely tinged with a sexual nature; an adult male circulating nude and provocative images of an individual under the age of seventeen to other individuals clearly constitutes "conduct that by its nature is a sex offense against a minor"—the sexually-laced conduct Congress sought to include in SORNA's registration requirements.

*Id*. (emphasis added).

Iseman contrasts the charging document in *Isom* with his charging document. He states that, unlike in *Isom*, nothing in the amended information charging him suggested his offense was sexual in nature. Iseman further argues that the facts underlying his offenses are not sexual in nature. He contrasts his case with numerous cases involving much more sexually explicit conduct than exists in the current case. Iseman states that not wearing pants, not wearing clothes, and/or being nude does not mean that he exposed his genitals to the victim. Iseman further presents each of his underlying convictions as a separate offense involving separate conduct and argues they should not be viewed as one course of conduct.

In *Doe v. Frisz*, 643 S.W.3d 358, 362 (Mo. banc 2022), the defendant pled guilty to four offenses of endangering the welfare of a child. Those charges alleged he struck his children on three occasions and exposed a child to the cold with inadequate clothing for an extended period of time on one occasion. *Id*. The allegations did not identify any conduct that was sexual in nature. *Id*. The first charging document against the defendant included seventeen other counts. *Id*. Law Enforcement argued that the non-categorical approach allowed the court to consider those abandoned pleadings when determining whether the defendant's offenses were sexual in nature. *Id*. The Missouri Supreme Court found that looking at abandoned pleadings "would grossly expand the non-categorical approach." *Id*.

The State relied on *United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016). *Id*. at 363. When discussing *Hill*, the court rejected the defendant's argument that nothing about the

10

charge he pled guilty to (indecently exposing himself in public) indicated it was against a minor. *Hill*, 820 F.3d at 1004. The court rejected this argument because, "[a]ccording to the relevant arrest affidavit, Hill masturbated in front of an eleven-year-old child." The Missouri Supreme Court stated that the *Hill* court "looked beyond the fact of conviction and the statutory definition of the offense but did not look beyond the circumstances of the crime to which Hill pleaded guilty." *Frisz*, 643 S.W.3d at 363.

The Missouri Supreme Court determined that its case differed from *Hill* because the defendant did not plead guilty to the sex offenses against him. *Id*. The State dismissed the charges that were sexual in nature and instead only pursued the charges that were not sexual in nature. *Id*. The charges the defendant pled guilty to were not sexual in nature and the defendant was not required to register as a sex offender. *Id*.

As discussed, *Hill* was cited favorably by the Missouri Supreme Court and involved looking at an arrest affidavit when looking at the circumstances of the underlying crime. This court has also looked beyond the charging document when ascertaining the underlying conduct on which the defendant's conviction was based:

> Wilkerson admitted in her petition that she engaged in sexual misconduct with a child of thirteen. And in her *testimony at the evidentiary hearing*, she acknowledged that her 2010 conviction was based on an act of consensual sexual intercourse with a thirteen-year-old boy. Wilkerson's admission that she committed the felony of sexual misconduct involving a child by engaging in sexual intercourse with a thirteen-year-old establishes that she was convicted of an offense which "by its nature is a sex offense against a minor."

*Wilkerson v. State*, 533 S.W.3d 755, 759 (Mo. App. W.D. 2017) (emphasis added).

11

Drewel admitted in his Petition that he was convicted of sexual misconduct in the first degree, a tier one sex offense. In his *testimony at the hearing on his Petition*, he acknowledged that he had been convicted of the sex offense of sexual misconduct in that on October 31, 1999, he touched the breast of a female who did not want him to do so. Drewel's admission that he committed the offense of sexual misconduct establishes that he was convicted of an offense that involved sexual contact with another person and, therefore, meets the definition of a "sex offense" under SORNA.

*Drewel v. Missouri State Hwy. Patrol*, 672 S.W.3d 284, 287 (Mo. App. W.D. 2023) (emphasis added).

The uncontroverted material facts in this case are drawn from the amended information, the guilty plea transcript, and the sentencing transcript. They are admitted by Iseman. These facts are properly considered when determining whether the facts underlying Iseman's convictions were sexual in nature.

"SORNA's definition of 'specified offense against a minor' also expressly includes '[a]ny *conduct* that by its *nature* is a sex offense against a minor.'" *Doe v. Belmar*, 564 S.W.3d 415, 419 (Mo. App. E.D. 2018) (emphasis in original). "Rather than identifying specific sex offenses or referencing provisions of the criminal code, the use of words like 'conduct' and "nature' suggests a reviewing court should consider the *conduct and circumstances* at issue and not limit itself to the conviction in determining what constitutes a 'sex offense.'" *Id*. (emphasis added). While Iseman pled guilty to one count of harassment for touching the victim's belly and one count of harassment for entering the victim's room without wearing any pants, these two convictions arose from one course of "conduct and circumstances." The State argues that "[i]n determining

12

whether Appellant's offense was sexual in nature, these two acts—an adult man touching the belly of a sleeping seven year old female while not wearing any clothes—should be viewed together as one course of conduct."  We agree.

"SORNA's definition of a 'specified offense against a minor' was intended to be broad."  *Wilkerson*, 533 S.W.3d at 759.  "In passing SORNA, Congress left courts with broad discretion to determine what conduct is 'by its nature' a sex offense."  *Id*. (internal quotation marks omitted).  "Indeed, Congress's stated purpose was to capture a wider range of conduct in its definition of a 'sex offense.'"  *Id*. (internal quotation marks omitted).  "The key is conduct that contains a 'sexual component' toward a minor."  *Id*. (internal quotation marks omitted).  "Our review of the language of SORNA confirms our conclusion that Congress cast a wide net to ensnare as many offenses against children as possible."  *Id*. (internal quotation marks omitted).  The purpose of SORA "is to protect children from violence at the hands of sex offenders and to respond to the known danger of recidivism among sex offenders."  S*mith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 899 (Mo. banc 2023) (internal quotation marks omitted).

This court has examined the uncontroverted material facts and reaches the same conclusion the trial court did:

> The undisputed facts show Minor Victim was seven years old at the time.  Iseman entered her bedroom at night without any clothes on his person.  He began rubbing her [belly] over her clothes, which woke her up.  Petitioner admits that "seeing Iseman not wearing clothes caused [Minor Victim] emotional distress."  It is therefore undisputed that Minor Victim suffered emotional distress because she saw Iseman in the nude as he rubbed her

belly.  Exposing oneself in the nude to a seven year old child, and rubbing her belly simultaneously, is conduct that is sexual in nature.

We further note that Iseman's relationship to the victim is that he was babysitting her at the time.  *See, e.g.*, § 566.083.1(1) (A person commits the offense of sexual misconduct involving a child if such person … knowingly exposes his … genitals to a child … under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child.").

The points are denied.

### Conclusion

The judgment is affirmed.

_____
Anthony Rex Gabbert, Chief Judge

All concur.

14