

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

JOHN DOE,            )       No. ED99707

                           )

      Respondent,        )       Appeal from the Circuit Court

                           )       of the City of St. Louis

vs.                            )

                           )       Honorable Bryan L. Hettenbach

COL. DANIEL ISOM, et al.,     )

                           )

      Appellants.         )       FILED: February 18, 2014

Col. Daniel Isom, Chief of Police for the Metropolitan Police Department, City of St. Louis, the St. Louis Circuit Attorney's Office, and the Missouri State Highway Patrol (collectively, "Appellants"), appeal from a declaratory judgment in favor of John Doe ("Doe"), a Missouri resident, on Doe's petition seeking removal of Doe's name and identifying information from the federal and Missouri's sex offender registries. We reverse and remand.

## I. BACKGROUND

The facts of this case are not in dispute. In May 2008, Doe hacked into the email account of A.R., the 15 year-old-daughter of Doe's ex-girlfriend. Doe discovered a prior email A.R. had sent to her friend, which contained a picture of A.R. touching her

genitals.[1] Doe then proceeded to email that photograph to 14 individuals listed in A.R.'s email contact list,[2] as well as blind carbon copying A.R.'s high school principal.

Subsequently, the St. Charles County Prosecutor's office filed a Substitute Information in Lieu of Indictment charging Doe with the following six counts: (1) one count of endangering the welfare of a child in the first degree, in violation of Section 568.045;[3] (2) two counts of promoting child pornography to a minor in the second degree, in violation Section 573.035; (3) two counts of promoting child pornography in the second degree, in violation of Section 573.035; and (4) one count of tampering with computer users, in violation of Section 569.099. On March 24, 2009, Doe pled guilty in the Circuit Court of St. Charles County, to the class C felony of endangering the welfare of a child in the first degree, in violation of Section 568.045, and the class A misdemeanor of tampering with computer users, in violation of Section 569.099. Doe received, *inter alia*, a suspended execution of sentence and was placed on probation for a term of five years.[4]

Approximately six months after Doe pled guilty, Doe's Probation Officer directed Doe to the St. Louis Metropolitan Police Department Sex Offender Registration Office to determine whether Doe was required to register as a sex offender. After a determination that he must register, Doe filed his initial registration with Missouri's Sex Offender Registry on September 11, 2009.

---

[1] A.R. admitted to taking and emailing the picture to her friend.
[2] It was alleged that several of the recipients of the email (which included the photograph) were under the age of 17.
[3] All statutory references are to RSMo Cum. Supp. 2008, unless otherwise specified.
[4] Doe's plea counsel testified that this plea agreement was agreed upon by himself and the St. Charles County Prosecuting Attorney to ensure that Doe was not required to register as a sex offender. The State presented no contrary evidence.

Soon thereafter, Doe filed motions for his removal from the sex offender registries in the Circuit Court of St. Charles County. However, these motions were denied by the trial court in St. Charles County premised upon the reasoning that Doe's removal from the sex offender registry had to be filed in the jurisdiction where Doe resided—the City of St. Louis.

On February 6, 2012 (almost 3 years after his initial guilty plea) Doe filed a Petition for Declaratory Judgment for Removal from the Sex Offender Registry and Destruction of Records in the Circuit Court of the City of St. Louis. Doe sought a declaratory judgment that he not be required to register as a sex offender under the federal or state sex offender registries. Almost a year later, on January 30, 2013, the trial court entered an Order and Judgment granting Doe's Petition, finding Doe was not obligated to register under either federal or state law, and that his registration be removed from all sex offender registries.

This appeal now follows.

## II. DISCUSSION

In 2006, the United States Congress passed, and the President signed, the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"). See Pub. L. No. 109-248 (2006). For the purpose of "protect[ing] the public from sex offenders and offenders against children," Title I of AWA established and created the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et seq., a "comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. SORNA "requires those convicted of certain sex crimes to provide state governments with (and to update) information, such as names and current addresses, for

3

inclusion on state and federal sex offender registries."  Reynolds v. U.S., 132 S. Ct. 975, 978 (2012).

In order to accomplish this purpose, SORNA requires states to "maintain a jurisdiction-wide sex offender registry" that complies with the standards set forth by SORNA.  42 U.S.C. § 16912(a); see also U.S. v. Felts, 674 F.3d 599, 602 (6th Cir. 2012) ("Rather than establishing a federal agency to implement SORNA, Congress, through its spending power, U.S. Const. Art. I, § 8, directed all states and the District of Columbia to create local registries that comply with specific national standards.").  In Missouri, the corresponding registry to that of SORNA's federal registry has been in force since 1995. R.W. v. Sanders, 168 S.W.3d 65, 67 (Mo. banc 2005).  However, since 1995 there have been substantial amendments to what is known as Missouri's Sex Offender Registration Act ("SORA"), Sections 589.400-589.425.  Roe v. Replogle, 408 S.W.3d 759, 762 (Mo. banc 2013).

Appellants raise two points on appeal.  In their first point, Appellants allege the trial court erred in finding Doe did not have an obligation to register as a sex offender under SORNA, and therefore Doe has no requirement to register under Missouri's SORA. Specifically, Appellants claim that Doe is a "sex offender" for purposes of SORNA, and is therefore obligated to register under both SORNA and SORA.

Next, Appellants argue that even if Doe is not deemed a "sex offender" for purposes of SORNA, the trial court erred in finding Doe did not have an obligation to register under SORA, because the offense to which Doe pled guilty was "sexual in nature."  Thus, Appellants contend that Doe has an obligation to register under SORA, regardless of his registration obligations under SORNA.

4

Finding Point I dispositive, we do not reach or address Appellant's Point II.

## *Standard of Review*

The judgment of the trial court will be upheld on appeal, unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); see also Solomon v. St. Charles Cnty. Prosecuting Attorney's Office, 409 S.W.3d 487, 489 (Mo. App. E.D. 2013). However, this case presents issues of statutory construction, a question of law, which this Court reviews *de novo*, giving no deference to the trial court's conclusions. Solomon, 409 S.W.3d at 489.

## *Analysis*

The dispositive question before this Court is whether Doe's guilty plea to endangering the welfare of a child in the first degree, under Section 568.045, makes him a "sex offender," subject to SORNA's and SORA's registration requirements.

SORNA defines a "sex offender" as an "individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). Whether an individual has a "sex offense" conviction determines whether that individual falls within the minimum categories requiring registration under SORNA. See Office of the Attorney General; The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030-01, 38050 (July 2, 2008) ("SORNA's Guidelines"). Apart from exceptions not applicable here, "sex offense," in turn, is either:

    (i)      a criminal offense that has an element involving a sexual act or sexual contact with another;

    (ii)    a criminal offense that is a specified offense against a minor;

    (iii)   a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

> (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

Id. at § 16911(5)(A). Under the facts of this case, only subparagraph (ii) of 42 U.S.C. § 16911(5)(A) could provide a basis to require Doe to register as a sex offender under SORNA (i.e., was Doe's guilty plea in the nature of "a criminal offense that is specified against a minor?"). Id. at § 16911(5)(A)(ii). Whether Doe qualifies as a "sex offender" under 42 U.S.C. § 16911(5)(A)(ii) is purely an issue of law, and the only facts relevant to this inquiry are the undisputed facts admitted by Doe at his guilty plea. Our analysis proceeds in two parts, and is guided by the applicable provision at 42 U.S.C. § 16911(5)(A)(ii): (1) we will consider whether a violation of Section 568.045 is a "criminal offense" as defined by SORNA; and (2) we will decide whether Doe's particular conviction for endangering the welfare of a child in the first degree was "a specified offense against a minor."

First, pursuant to SORNA, a "criminal offense" is defined as "a *State*, local tribal, foreign, or military offense . . . or other criminal offense." Id. at § 16911(6) (emphasis added). In Missouri, endangering the welfare of a child in the first degree, Section 568.045, falls under Title XXXVIII of Missouri's annotated statutes, designated by the Missouri Legislature and commonly referred to as "The Criminal Code," Section 556.011, and may be charged as a class C or B Felony, subjecting the violator to a range of five to fifteen years' imprisonment. See Section 568.045; Section 558.011.1(2)-(3); see also Bullington v. State, 459 S.W.2d 334, 341 (Mo. 1970) (title to the act, as enacted by the legislature, is necessarily a part thereof and is to be construed in construction).

6

There is no dispute that Doe's guilty plea to violating Section 568.045 is a "criminal offense."

Next, we consider whether a violation of Section 568.045 is "a specified offense against a minor."  42 U.S.C. § 16911(5)(A)(ii).  To do so, we proceed to a subsequent subsection of SORNA which *expands* the definition of the phrase "specified offense against a minor" to include "*all offenses* by child predators[.]"  42 U.S.C. § 16911(7) (emphasis added).  Specifically, the United States Congress defined "specified offense against a minor" as

> . . . an offense against a minor that involves any of the following:
>
> **(A)** An offense (unless committed by a parent or guardian) involving kidnapping.
> **(B)** An offense (unless committed by a parent or guardian) involving false imprisonment.
> **(C)** Solicitation to engage in sexual conduct.
> **(D)** Use in a sexual performance.
> **(E)** Solicitation to practice prostitution.
> **(F)** Video voyeurism as described in section 1801 of Title 18.
> **(G)** Possession, production, or distribution of child pornography.
> **(H)** Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
> **(I)** Any conduct that by its nature is a sex offense against a minor.

Id.  Litigants focus their attentions upon paragraphs (G) and (I); we focus our attention solely upon paragraph (I)—the "catchall provision"—as we find it to be dispositive; thus, we do not address whether Doe's guilty plea qualifies as a sex offense under paragraph (G).  U.S. v. Byun, 539 F.3d 982, 988 (9th Cir. 2008).

Determining whether Doe's guilty plea to endangering the welfare of a child in the first degree, under Section 568.045, is "a sex offense against a minor," pursuant to

7

paragraph (I) of 42 U.S.C. § 16911(7), requires this Court to define "sex offense."[5]

According to the United States Attorney General, paragraph (I) "is intended to ensure

coverage of convictions under statutes defining sexual offenses in which the status of the

victim as a minor is an element of an offense, such as specially defined child molestation

or child prostitution offenses, and other offenses prohibiting sexual activity with

underage persons."  SORNA's Guidelines, 73 Fed. Reg. 38030-01, 38052.  However,

SORNA's Guidelines explicitly state that the statutory definitions of "sex offenses"

falling within SORNA's registration categories [i.e., 42 U.S.C. § 16911(5)-(8)] "will vary

from jurisdiction to jurisdiction."  Id. at 38040.

The statutory language of the criminal offense to which Doe pled guilty, Section

568.045, in relevant part, reads as follows:

> 1.  A person commits the crime of endangering the welfare of a child in
> the first degree if:
> (1) The person knowingly acts in a manner that creates a substantial risk to
> the life, body, or health of a child less than seventeen years old; or
> (2) The person knowingly engages in sexual conduct with a person under
> the age of seventeen years over whom the person is a parent, guardian, or
> otherwise charged with the care and custody;
> (3) The person knowingly encourages, aids or causes a child less than
> seventeen years of age to engage in any conduct which violates the
> provisions of chapter 195;
> (4) Such person enlists the aid, either through payment or coercion, of a
> person less than seventeen years of age to unlawfully manufacture,
> compound, produce, prepare, sell, transport, test or analyze amphetamine
> or methamphetamine or any of their analogues, or to obtain any material
> used to manufacture, compound, produce, prepare, test or analyze
> amphetamine or methamphetamine or any of their analogues; or
> (5) Such person, in the presence of a person less than seventeen years of
> age or in a residence where a person less than seventeen years of age
> resides, unlawfully manufactures, or attempts to manufacture compounds,

---

[5] This analysis occurs because of the very similar language utilized by § 16911(5)(A)(ii) and §16911(7)(I). Compare 42 U.S.C. § 16911(5)(A)(ii) ("a criminal offense that is *a specified offense against a minor*) (emphasis added) with 42 U.S.C. 16911(7)(I) ("Any conduct that by its nature is *a sex offense against a minor*.") (emphasis added).

> possesses, produces, prepares, sells, transports, tests or analyzes amphetamine or methamphetamine or any of their analogues.

Doe was charged and pled guilty to violation of subsection (1). See Section 568.045.1. As evident by the plain language of the statute, this particular crime "is not in and of itself a sexual offense" on that basis "that 'non-sex' acts can also constitute the offense of endangering the welfare of a child in the first degree." State v. Rains, 49 S.W.3d 828, 832 (Mo. App. E.D. 2001). Nevertheless, the offense of endangering the welfare of a child in the first degree *can* relate to sexual offenses. See, e.g., Id. ("The offense of endangering the welfare of a child in the first degree retains a separate identity apart from sexual abuse, even though the underlying offense in this case is related to sexual abuse.").

Here, Doe's offense of endangering the welfare of a child in the first degree, indeed, related to a sexual offense. As referenced in the trial court's Order and Judgment,[6] Doe's offense involved "act[ing] in a manner that created substantial risk to the life and health of A.R., *a child less than seventeen years old* by *disseminating nude pictures of A.R. touching her genitals* to her friends, students at her school, and to other adults." (emphasis added) Obviously, the charging document demonstrates that Doe's conduct was not merely tinged with a sexual nature; an adult male circulating nude and provocative images of an individual under the age of seventeen to other individuals clearly constitutes "conduct that by its nature is a sex offense against a minor"—the sexually-laced conduct Congress sought to include in SORNA's registration requirements. See Sen. Biden (DE), "Children's Safety and Violent Crime Reduction Act of 2006," 152 Cong. Rec. S8012, 14 (daily ed. July 20, 2006) ("But today, in my son's words, with a click of a mouse, a predator can enter your child's bedroom in a locked

---

[6] We note that this Court was provided with limited evidence, materials and transcripts from Doe's underlying criminal case which led to his guilty plea.

9

home and begin the pernicious road to violating that child.").  However, Doe alleges that the offense to which he pled guilty did not include elements of a sexual nature.  Thus, Doe argues he should not be required to register as a sex offender because he was not charged in the indictment nor pled guilty to committing a "sex offense," in that no aspect of the offense (endangering the welfare of a child in the first degree) requires conduct constituting a sexual act.  In determining what constitutes a "sex offense" for purposes of registration under SORNA, does a court look solely to the statutory definition and elements of the underlying offense or to the underlying *conduct* and *facts* of the offense?

While not controlling, the analysis in U.S. v. Dodge, 597 F.3d 1347 (11th Cir. 2010) (en banc) is instructive.  In Dodge, the defendant was a 33-year-old man who transferred indecent pictures and videos of himself via the internet to someone defendant believed to be a 13-year-old girl, but who was actually an undercover agent.  Id. at 1349.  Subsequently, defendant was charged and pled guilty to the federal offense of transferring obscene material to a minor.  Id. at 1349-50.  Defendant argued that his underlying offense was not a "sex offense" as defined by SORNA, and therefore defendant should not have to register as a "sex offender."  Id. at 1351.

To determine whether defendant's conviction constituted a "sex offense" under 42 U.S.C. § 16911(5)(A)(ii), the Eleventh Circuit, in Dodge, relied heavily upon U.S. v. Byun, 539 F.3d 982 (9th Cir. 2008), concluding it was appropriate to look beyond defendant's statute of conviction to the underlying facts and conduct of defendant's offense (i.e., a non-categorical approach)[7].  Dodge, 597 F.3d at 1353-54; see also Byun, 539 F.3d at 992 (interpreting 42 U.S.C. § 16911(7)(I)) ("for the category of 'specified

---

[7] A "categorical approach" permits a court to "look only to the fact of conviction and the statutory definition of the prior offense."  Taylor v. U.S., 495 U.S. 575, 602 (1990).

offense[s] against a minor,' it is the underlying 'conduct,' not the elements of the crime of conviction, that matter"). The Dodge court permitted the review of the underlying facts and conduct of the defendant's conviction because the definition of a "specified offense against a minor" at § 16911(7) contains no reference to an "element" of a crime, but, rather, refers to "offenses" rather than "convictions," and the language of the catchall provision at § 16911(7)(I) "could not be any broader[,]" thereby indicating that Congress intended for courts to examine an offender's underlying conduct. Id. at 1354-56 ("Congress left courts with broad discretion to determine what conduct is 'by its nature' a sex offense. Indeed, Congress's stated purpose was to capture a wider range of conduct in its definition of a "sex offense," and specifically *all offenses*—not just convictions—of child predators.").[8]

We find Dodge and Byun to be persuasive and adopt the courts' non-categorical interpretations of § 16911(5)(A)(ii) and § 16911(7)(I) and elect to look beyond Doe's guilty plea to the underlying facts of his offense to determine whether his offense qualifies as a "sex offense." As we already analyzed, supra, when we look beyond Doe's guilty plea to endangering the welfare of a child in the first degree, pursuant to Section 568.045, we find the conduct and facts leading to that guilty plea overwhelming tilts toward our finding that Doe has been convicted of a "criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii); 42 U.S.C. § 16911(7)(I). Thus, the non-categorical approach requires the classification of Doe's crime as a "sex offense"

---

[8] Furthermore, this interpretation is in accord with the legislative intent when comparing the inclusion of the word "element" in § 16911(5)(A)(i) with the use of only the word "offense" in § 16911(5)(A)(ii). See U.S. v. Piper, 2012 WL 4757696, *3 (D. Vt. Oct. 5, 2012) ("The definition of 'sex offense' in subsection 16911(5)(A)(ii) for specified offenses against minors contains no similar limitation. The contrast suggests that analysis of the underlying facts is permissible under subsection 16911(5)(A)(ii). If Congress had intended to foreclose such an analysis, as it did in subsection 16911(5)(A)(i), it could have included limiting language.").

under SORNA. 42 U.S.C. § 16911(5)(A)(ii). Hence, Doe is therefore a "sex offender" and is, thereby, required to register under SORNA. See 42 U.S.C. §16911(1).

Doe goes to great strides to persuade this Court that such an interpretation of SORNA would "stretch and broaden the definition of 'sex offense'" beyond the legislative intent, and is an act of "generalization and verbal wizardry." However, these arguments have already been addressed and rebutted, *in toto*, and deserve no further analysis. Additionally, we reject Doe's argument that his conduct was not "against a minor" but, rather, was "passive in nature as it pertained to the minor victim." Again, we reject this argument because "against a minor" merely means the conduct as applied to the age of the victim and the "inquiry goes no further than determining whether the victim was a minor." Dodge, 597 F.3d at 1355. Here, because no question exists that Doe endangered the welfare of minor, the word "against" is a non-issue. Id.

In finding that Doe is required to register as a sex offender pursuant to SORNA, we, therefore, find Doe is also required to register as a sex offender pursuant to SORA. In Doe v. Keathley, 290 S.W.3d 719 (Mo. banc 2009), and Doe v. Toelke, 389 S.W.3d 165 (Mo. banc 2012), the Supreme Court of Missouri held as follows: "If a Missouri resident is a 'sex offender' pursuant to the terms of SORNA, SORNA imposes upon such a person an 'independent, federally mandated registration requirement' which triggers the individual's duty to register in Missouri pursuant to Section 589.400.1(7) of SORA." Grieshaber v. Fitch, 409 S.W.3d 435, 438 (Mo. App. E.D. 2013) (quoting Keathley, 290 S.W.3d at 720, and Doe, 389 S.W.3d at 167). Here, because Doe meets the definition of "sex offender" under SORNA, and is thereby required to register as a sex offender under federal law, Doe is, therefore, subject to the registration requirements of SORA.

12

## III. CONCLUSION

The judgment of the trial court entered in favor of Doe on his petition for declaratory judgment is reversed and remanded for a finding consistent with this opinion.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

13