

# SUPREME COURT OF MISSOURI
## en banc

JOHN DOE,                                                       )     *Opinion issued April 26, 2022*
                                                           )
          Appellant,     )
                                                           )
v.                                                              )     No. SC99310
                                                           )
KURT FRISZ, CHIEF LAW                                           )
ENFORCEMENT OFFICER,                                            )
ST. CHARLES COUNTY, MISSOURI                                    )
                                                           )
          Respondent.    )

## APPEAL FROM THE CIRCUIT COURT OF ST. CHARLES COUNTY
The Honorable Michael J. Fagras, Judge

In December 2019, Petitioner John Doe pleaded guilty to four counts of endangering the welfare of a child for striking his daughters and exposing one daughter to the cold. Several months after pleading guilty, Doe's probation officer notified him that he needed to register as a sex offender based on allegations in charges the state abandoned and to which Doe did not plead guilty. Doe petitioned for writ of prohibition, requesting the circuit court prohibit Respondent Sheriff Kurt Frisz from determining he must register as a sex offender. The circuit court issued a preliminary writ but, ultimately, denied a permanent writ of prohibition. Doe appealed. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution. This Court

holds the circuit court erred in using the state's abandoned charges to find Doe pleaded guilty to sex offenses, but, because a writ of prohibition is not the proper remedy, this Court affirms the circuit court's judgment denying a permanent writ of prohibition.

**Background**

On February 16, 2018, a grand jury indicted Doe on 17 counts alleging multiple instances of sodomy and child molestation involving his daughters, H.C. and R.C, and one count of statutory rape involving H.C. The state later filed a substitute information in lieu of indictment alleging the same 17 counts. Eventually, the state reached a plea agreement with Doe in which he agreed to plead guilty to four counts of endangering the welfare of a child in the first degree, and the state agreed to dismiss all other counts. In the four counts of endangering the welfare of a child, the state alleged Doe struck H.C. on two instances, struck R.C. on one instance, and exposed R.C. to the cold with inadequate clothing for an extended period of time.

On December 3, 2019, the circuit court held a plea hearing. During the hearing, H.C. offered a victim impact statement in which she told the court Doe raped, manipulated, and beat several members of their family. The circuit court expressed its reluctance to accept the plea, but, based on the state's representations regarding the victims' mental states and the state's assessment of the likelihood of success on the original charges, the circuit court accepted the plea agreement. The circuit court then suspended imposition of Doe's sentence and placed him on probation for five years. The circuit court added several special conditions, including a psychological and psychosexual evaluation and sex offender counseling.

On July 21, 2020, Doe's probation officer, Sonya Engelking, notified him that he must register under Missouri's Sex Offender Registration Act ("SORA") and under the federal Sex Offender Registration and Notification Act ("SORNA"). Before notifying Doe, Engelking consulted with Sheriff Frisz, who then consulted with the County Counselor's office. Two days after Engelking notified Doe that he needed to register as a sex offender, Doe filed a petition for writ of prohibition in the St. Charles County Circuit Court. In his petition, Doe requested the circuit court "prohibit the Chief Law Enforcement Officer from determining that Relator is required to register under either SORA or SORNA[.]" The circuit court issued a preliminary writ of prohibition. After holding a hearing, the circuit court concluded Doe was required to register as a sex offender and denied Doe's request for a permanent writ.

## Analysis

"If the court issues a preliminary order and a permanent writ later is denied, the proper remedy is an appeal." *State ex rel. Ashby Road Partners, LLC v. State Tax Comm'n*, 297 S.W.3d 80, 83 (Mo. banc 2009). Appellate courts review the denial of a petition for writ for an abuse of discretion. *U.S. Dep't. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013) (expressing the rule in the context of a writ of mandamus). A circuit court abuses its discretion when it "misapplies the applicable statutes." *Id.* "Matters of statutory interpretation are questions of law reviewed *de novo*." *Holmes v. Steelman*, 624 S.W.3d 144, 149 (Mo. banc 2021). Ultimately, this Court is "primarily concerned with the correctness of the circuit court's result, not the route taken by the circuit court to reach that result, and the circuit court's judgment

3

must be affirmed if cognizable under any theory, regardless of whether the circuit court's reasoning is wrong or insufficient." *State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 737 (Mo. banc 2017) (quotation marks omitted).

## I. The Circuit Court Erred in Considering Abandoned Charges

Under section 589.400.1(7) of SORA,[1] a person must register as a sex offender if that person is required to register under SORNA. SORNA requires a "sex offender" to register. 34 U.S.C. § 20913(a) (2018). SORNA broadly defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1) (2018). A "sex offense" includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii) (2018). Finally, the definition of "specified offense against a minor" contains a catchall provision that includes "[a]ny conduct that ***by its nature*** is a sex offense against a minor." 34 U.S.C. § 20911(7)(I) (2018) (emphasis added).

Missouri courts have applied a non-categorical approach when determining whether an offense included conduct that by its nature was a sex offense against a minor. *Doe v. Isom*, 429 S.W.3d 436, 443 (Mo. App. 2014). The non-categorical approach allows courts to look "beyond the guilty plea to the underlying facts of the offense to determine whether the petitioner's offense qualifie[s] as a sex offense." *Doe v. Belmar*, 564 S.W.3d 415, 418 (Mo. App. 2018) (quotation marks omitted). A categorical approach, on the other hand, would permit courts to "look only to the fact of conviction

---

[1] All statutory references are to RSMo Supp. 2020 unless otherwise noted.

and the statutory definition of the prior offense." *Isom*, 429 S.W.3d at 442 n.7 (quotation marks omitted).

For example, in *Isom*, the offender pleaded guilty to endangering the welfare of a child in the first degree. *Id.* at 441. The offender argued endangering the welfare of a child was not in and of itself a sex offense. *Id.* Although the court of appeals agreed, it noted "the offense of endangering the welfare of a child in the first degree *can* relate to sexual offenses." *Id.* (emphasis in original). Applying a non-categorical approach, the court of appeals looked beyond the conviction to the charging document, which alleged the offender endangered the welfare of a child by "*disseminating nude pictures of A.R. touching her genitals* to her friends, students at her school, and to other adults." *Id.* (emphasis in original). Based on the allegations to which the offender pleaded guilty, the court of appeals found he pleaded guilty to a sex offense. *Id.* at 443.

Here, Doe argues the four offenses of endangering the welfare of a child to which he pleaded guilty were not sexual in nature. Doe points out the charges **to which he pleaded guilty** alleged he struck his daughters on three occasions and exposed R.C. to the cold with inadequate clothing for an extended period of time on one occasion, but they do not mention anything sexual in nature. Doe further contends the circuit court improperly considered the allegations in the first indictment and information, which alleged 17 counts that were all different from the counts to which he pleaded guilty, in determining his offenses were sexual in nature. Sheriff Frisz responds the non-categorical approach allows courts to consider all "reliable evidence," including abandoned pleadings. Sheriff Frisz's argument, however, would grossly expand the non-categorical approach.

In prior cases applying the non-categorical approach, Missouri courts have considered allegations to which the defendant pleaded guilty. *Isom*, 429 S.W.3d at 443; *Belmar*, 564 S.W.3d at 416 (finding the offense of endangering the welfare of a child was by its nature a sex offense because the information to which the offender pleaded guilty alleged he committed that offense by disrobing in front of a child younger than 17 years old). The state relies on *United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016), but, even in *Hill*, the evidence on which the court relied to determine whether the defendant committed a sex offense against a minor resulted in the underlying conviction. In *Hill*, the defendant pleaded guilty to a charge of "willfully, maliciously, and indecently expos[ing] his person in a public place on property of others, or to the view of any person on a street highway." *Id.* at 1004 (alteration in original). Hill argued nothing about that charge indicated he committed the offense "against a minor." *Id.* The court rejected his argument because, "[a]ccording to the relevant arrest affidavit, Hill masturbated in front of an eleven-year-old child." *Id.* at 1006. The court looked beyond the fact of conviction and the statutory definition of the offense but did not look beyond the circumstances of the crime to which Hill pleaded guilty.

This case differs from *Hill* because Doe did not plead guilty to the sex offenses alleged against him. Although the state alleged Doe committed 17 unmistakably sex offenses, the state did not pursue those charges. Rather, the state dismissed those charges and brought four different charges that were not sexual in nature. Indeed, Sheriff Frisz agrees Doe was not required to register as a sex offender under section 589.400.1(2) of SORA, which requires a person who pleaded guilty to "endangering the welfare of a

6

child under section 568.045 ***when the endangerment is sexual in nature***[.]" [Emphasis added.] In doing so, Sheriff Frisz concedes the four counts of endangering the welfare of a child to which Doe pleaded guilty were not sexual in nature. Ultimately, Sheriff Frisz concludes Doe was required to register as a sex offender based on allegations Doe did not admit and the state did not prove.

Besides lacking precedential support, Sheriff Frisz's argument conflicts with the plain language of SORNA. Although SORNA defines "sex offense" broadly, a person is a "sex offender" only if that person "was ***convicted*** of a sex offense." 34 U.S.C. § 20911(1) (2018) (emphasis added). SORNA makes clear the offenses must result in a conviction for a person to be considered a sex offender. So, while a sex offense can include a multitude of offenses depending on the underlying circumstances of those offenses, merely alleging a person committed a sex offense does not make that person a sex offender under SORNA. The state alleged Doe committed sex offenses, but Doe pleaded guilty only to offenses that Sheriff Frisz agrees were not sexual in nature. [2] Sheriff Frisz cannot use allegations and charges from offenses for which the state did not obtain convictions to show the offenses for which Doe actually was convicted were sexual in nature.

Sheriff Frisz argues section 589.404(10) allows courts to consider abandoned charging documents, but that argument lacks merit. Section 589.404(10) allows

---

[2] Although a suspended imposition of sentence would not constitute a "conviction" under Missouri law, federal law controls whether a prior state-court guilty plea constitutes a "conviction." *Doe v. Replogle*, 344 S.W.3d 757, 758-59 (Mo. App. 2011).

authorities to consider various charging documents when determining whether a "sexual element" exists. But section 589.404 applies to SORA, not SORNA, and Sheriff Frisz argues Doe must register under SORA only because he is required to register under the catchall provision of SORNA. And, of course, section 589.404 does not change SORNA's requirement that Doe be convicted of the offense for him to be required to register.

Sheriff Frisz also argues the offenses to which Doe pleaded guilty were sexual in nature because Doe agreed to probation conditions, such as having a psychosexual evaluation and completing any recommended counseling, that indicate the underlying conduct was sexual. But simply agreeing to probation conditions does not necessarily mean the conditions are related to the underlying conduct on which the conviction is based. For example, a defendant can agree to seek drug treatment even though the underlying conviction did not involve drug use.

Finally, Sheriff Frisz contends H.C.'s victim impact statement shows the offense was sexual in nature. But that argument is also unpersuasive. Victim impact statements are unsworn statements and, by design, allow victims to put before the court facts and circumstances that are not necessarily elements of the charges on which sentence is to be pronounced and regarding which the defendant has not pleaded or been found guilty. Therefore, H.C.'s victim impact statement does not suffice to show the offense to which Doe pleaded guilty was sexual in nature.

8

## II. A Writ of Prohibition Is Inappropriate

"Prohibition is a powerful writ, divesting the body against whom it is directed to cease further activities." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). "[A] public official will be restrained by prohibition from performing judicial or quasi-judicial acts only if acting without, or in excess of, jurisdiction." *State ex rel. Sommer v. Calcaterra*, 247 S.W.2d 728, 730 (Mo. banc 1952) (quotation marks omitted).

Doe argues this Court should issue a writ of prohibition because Sheriff Frisz lacks authority to determine Doe must register as a sex offender. Doe points out that sections 589.400-.425 are silent as to who can determine whether a person must register as a sex offender. This is correct. As a result, Missouri law does not assign to any particular officer the power to determine, in the first instance, whether a particular defendant must register. Rather, section 589.400.2 merely obliges certain offenders to register, and section 589.425, RSMo 2016, provides that a failure to register is either a class E or D felony. As a result, the burden is on the defendant to decide if he or she needs to register. If the prosecutor disagrees, the circuit court in the ensuing criminal case will make the ultimate determination of whether the offender was obligated to register.

Sheriff Frisz argues section 589.417.2, RSMo 2016, gives him authority to determine whether Doe must register because it requires Sheriff Frisz to "maintain, for all *offenders registered* in such county, a complete list of the names, addresses and crimes for which such offenders *are registered*." [Emphasis added]. This is incorrect. Section

9

589.417.2, RSMo 2016, requires Sheriff Frisz to maintain a list only of offenders who already have registered. It does not require Sheriff Frisz to maintain a list of all offenders who *should* register. Sheriff Frisz's ministerial duty to keep Doe's name on the list arises only once Doe registers. Section 589.417.2, RSMo 2016, cannot otherwise be read to imply some sort of authority to determine sex offender status.

Even though Doe is correct in arguing Sheriff Frisz lacks authority to determine his sex offender status, it does not follow that a writ of prohibition is proper in this case. Prohibition lies "to prevent or control judicial or quasi-judicial action." *Sommer*, 247 S.W.2d at 729. "[I]t is the nature of the act, and not the character of the board or tribunal proceeded against which determines the propriety of the writ." *Id.* (quotation marks omitted). This Court has found the Board of Trustees of the Police Retirement System, which possessed exclusive jurisdiction to determine the rights to benefits under the retirement system, took quasi-judicial action when it decided to deny a widow additional accidental death benefits for her husband's death. *State ex rel. Police Ret. Sys. of City of St. Louis v. Murphy*, 224 S.W.2d 68, 70 (Mo. banc 1949). Further, the St. Louis County Council's decision to authorize conditional use permits for the operation of a sanitary landfill "was of a quasi-judicial nature." *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 496 (Mo. banc 1984).

Here, Sheriff Frisz took, at most, executive action – not judicial or quasi-judicial action. The St. Charles County charter gives the County's sheriff "supervision, management and control of and responsibility for the efficient and effective administration and performance of the duties, powers and functions of suppression of

10

crime and other appropriate law enforcement[.]" Art. 4, § 4.1303.5.1 of the St. Charles County charter. The sheriff may, in pursuit of those duties, undertake to notify an offender who the sheriff believes must register. But that belief does not constitute a judicial or quasi-judicial action because it has no binding effect on the offender. Accordingly, a writ of prohibition is not available every time a sheriff reaches the wrong conclusion.

The key difference between Sheriff Frisz's action and a judicial or quasi-judicial action is the legal effect. For example, in *Murphy*, the board's decision to deny the widow benefits actually prevented her from collecting benefits. If she did not challenge the board's decision, the widow would not have received benefits. Likewise, in *McNary*, if the plaintiffs had not challenged the council's decision to authorize conditional use permits, then the sanitary landfill would have been allowed to operate. Sheriff Frisz's "determination," on the other hand, has no legal effect, just as Doe's counsel's determination that Doe does not need to register has no legal effect. Doe either was or was not obligated to register the moment he pleaded guilty to the four charges. This did not change when he received the letter from his probation officer notifying him Sheriff Frisz believed he needed to register. Sheriff Frisz could ask the prosecutor to bring charges against Doe, but the prosecutor could disagree with Sheriff Frisz and determine Doe did not need to register as a sex offender. Even if the prosecutor were to file charges against Doe for failure to register, it would be up to the circuit court to determine whether Doe was required to register, regardless of the conclusions reached by Sheriff Frisz, the prosecutor, or Doe's counsel.

11

The fact that Sheriff Frisz's determination was not a judicial or quasi-judicial act shows why a writ of prohibition is inappropriate. The circuit court cannot require Sheriff Frisz to change his mind regarding whether Doe must register.[3] Even if it could, only the prosecutor can decide to charge Doe with failure to register as a sex offender, and, even then, the circuit court must decide whether Doe actually was obligated to register. As a result, a writ prohibiting Sheriff Frisz from determining Doe was required to register would not help Doe.[4]

## Conclusion

Even though the circuit court erred in determining Doe must register as a sex offender, the circuit court did not err in denying Doe's requested writ because a writ of prohibition was not appropriate to control Sheriff Frisz's conclusion, which was neither a judicial nor a quasi-judicial act. Accordingly, the circuit court's judgment denying Doe's petition for writ of prohibition is affirmed.

_____
Paul C. Wilson, Chief Justice

All concur.

---

[3] Doe's primary issue seems to be with the letter he received telling him he needed to register as a sex offender. Notably, his probation officer sent him that letter, not Sheriff Frisz. Further, Doe did not seek a writ prohibiting Sheriff Frisz from telling the probation officer Doe needed to register as a sex offender.

[4] Doe's only remedy short of waiting to see if he is charged for failing to register is to seek a declaration that he does not have to register as a sex offender. Under section 527.010, RSMo 2016, circuit courts have the power to enter declaratory judgments "to declare rights, status, and other legal relations … [; t]he declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." A declaratory judgment could have officially determined whether Doe was a sex offender and had to register under SORA, and a petition for writ of prohibition will not stand as a substitute for a petition seeking a declaratory judgment.

12