

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

THOMAS ISEMAN,              )
      Appellant,           )
                             )       **WD85178**
v.                         )
                             )    **Filed: February 21, 2023**
MISSOURI DEPARTMENT OF     )
CORRECTIONS, et al.,       )
      Respondents.         )

### Appeal from the Circuit Court of Cole County
### The Honorable Daniel R. Green, Judge

### Before Division Four: Gary D. Witt, Chief Judge,
### Alok Ahuja, Judge, and Jerri J. Zhang, Special Judge

Thomas Iseman is currently incarcerated in the Missouri Department of Corrections based on his convictions in August 2020 of two counts of felony harassment. In March 2021, Iseman filed a Petition for Declaratory Judgment in the Circuit Court of Cole County against the Department of Corrections and the Superintendent of the State Highway Patrol (collectively, "the State"). Iseman sought a declaration that he is not required to register as a sex offender under Missouri's Sex Offender Registration Act ("SORA"), §§ 589.400-.426.[1] The State filed a motion to

---

[1] Article I, § 13 of the Missouri Constitution bars laws which are "retrospective in [their] operation." Under that provision, an individual can only be required to register as a sex offender based on the law in effect at the time the individual was convicted of a predicate offense. *State v. Holden*, 278 S.W.3d 674, 678-79 (Mo. 2009) (following *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. 2006)); *Austin v. Mo. State Hwy. Patrol*, 638 S.W.3d 609, 611 (Mo. App. W.D. 2022). Accordingly, unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated through the 2020 Cumulative Supplement.

dismiss, contending that Iseman's declaratory judgment action is not ripe, and that he has an adequate remedy to seek exemption from registration under § 589.401. The circuit court granted the State's motion to dismiss. Iseman appeals. We reverse and remand for further proceedings.

## Factual Background

In 2016, the State charged Iseman in the Circuit Court of Cedar County with first-degree child molestation and first-degree statutory sodomy. Case No. 16CD-CR-00289. The information alleged that Iseman committed the child molestation offense on or about February 14, 2016, by "knowingly subjecting [Victim] who was then less than fourteen years old to sexual contact by touching her belly and vagina with defendant's hand and/or penis." The information alleged that Iseman committed first-degree statutory sodomy on the same date, when, "for the purpose of arousing or gratifying [his] sexual desire . . ., [Iseman] had deviate sexual intercourse with [Victim], who was then less than twelve years old, by touching her belly and vagina with his hands and/or penis."

The case was later transferred to the Circuit Court of Dade County. Case No. 18DD-CR00092. Pursuant to an agreement with the State, Iseman pleaded guilty on August 31, 2020 to two counts of the class D felony of harassment under § 565.090, RSMo Cum. Supp. 2015. The amended information to which Iseman pleaded guilty alleged: (1) that he "purposely caused emotional distress to [Victim] by touching [Victim] on the belly and such act did cause emotional distress to [Victim]"; and (2) that he "purposely caused emotional distress to [Victim] by entering her room in the middle of the night without wearing any pants and such act did cause emotional distress to [Victim]." Iseman's declaratory judgment petition alleged that "he received a sentence of four years imprisonment" based on his guilty plea, and was delivered to the custody of the Department of Corrections.

Iseman filed his declaratory judgment petition in the Circuit Court of Cole County on March 26, 2021, naming the Department of Corrections and Colonel Eric Olson, Superintendent of the Missouri State Highway Patrol, as defendants. Iseman's petition alleged:

> 12. MDOC informed Petitioner that he would be required to register as a sex offender upon release.
>
> 13. Petitioner objected and informed MDOC that he pled guilty to charges that were not sexual in nature.
>
> 14. MDOC informed Petitioner that he had a duty to register under the federal Sex Offender Registration and Notification Act (SORNA). MDOC explained that Petitioner's duty to register under SORNA triggered a registry requirement in Missouri.
>
> 15. MDOC informed Petitioner that *Doe v. Isom*, 429 S.W.3d 436 (Mo. App. 2014), guides their decision.

Iseman's petition contended that his underlying convictions did not trigger a requirement to register as a sex offender under either federal or State law. He also alleged on multiple grounds that the federal Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20911-20932, could not lawfully be applied to him. Iseman prayed that the circuit court "declare[ ] he has no obligation to register as a sex offender under Missouri law."

The State filed a Motion to Dismiss. The State asserted that Iseman's claim for declaratory relief was not ripe, because his petition did not adequately allege a likelihood that Missouri's sex offender registration requirements would be enforced against him. The State emphasized that Iseman's petition did not allege when he expected to be released, and that given his underlying convictions and sentences, "he will not be released from incarceration until at least 2022." The State also argued that Iseman's petition was deficient, because it merely alleged that "MDOC" had informed him of his registration obligation, without identifying the particular individual(s) who had made the referenced statements. Finally, the State contended that declaratory relief

3

was unwarranted because Iseman had an adequate remedy by filing a petition for exemption from the sex offender registry under § 589.401.

On December 30, 2021, the circuit court granted the State's motion, and dismissed Iseman's Petition.

Iseman appeals.

## Standard of Review

We review the grant of a motion to dismiss *de novo*. *Foster v. State*, 352 S.W.3d 357, 359 (Mo. 2011). This Court "will affirm the dismissal on any meritorious ground stated in the motion. If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Mosby v. Precythe*, 570 S.W.3d 635, 637 (Mo. App. W.D. 2019) (citations and internal quotation marks omitted). "In other words, if the petition contains facts, not mere conclusions, supporting its allegations, and those facts demonstrate a justiciable controversy, then we will reverse the court's dismissal and remand the cause to the court for a determination of the parties' rights." *Spencer v. State*, 334 S.W.3d 559, 562-63 (Mo. App. W.D. 2010).

## Discussion

Iseman argues that the circuit court erred in granting the State's motion to dismiss, because his claims were ripe for review, and because § 589.401 does not provide him with an independent, adequate remedy. On the merits, Iseman also argues that he is not required to register as a sex offender, because he pleaded guilty to offenses which were not sexual in nature.[2]

---

[2] Iseman's single Point Relied On raises multiple separate legal issues, and is accordingly multifarious. Although his Point is technically deficient, this Court "prefers to decide cases on the merits where the appellant's argument is readily understandable." *Selig v. Russell*, 604 S.W.3d 817, 819 n.2 (Mo. App. W.D. 2020). Iseman's arguments are clearly developed, and the State has responded to those argument on the merits. We do likewise.

4

## I.

We begin by addressing the ripeness of Iseman's claims. "[T]his Court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination." *Schweich v. Nixon*, 408 S.W.3d 769, 778 (Mo. 2013) (citing *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 26 (Mo. 2003)).

> Ripeness is determined by whether the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character. Ripeness does not exist when the question rests solely on a probability that an event will occur.

*S.C. v. Juvenile Officer*, 474 S.W.3d 160, 163 (Mo. 2015) (internal citations and quotations omitted).

The State's motion to dismiss emphasized that Iseman is not *currently* subject to sex offender registration requirements because he is incarcerated, and that he has not been subjected to prosecution for failure to register. Iseman's claims are not unripe, however, merely because he is bringing a pre-enforcement challenge to clarify his *future* registration obligations. "'The stated purpose of the declaratory judgment act is to allow parties "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."'" *Alpert v. State*, 543 S.W.3d 589, 592 (Mo. 2018) (quoting *Planned Parenthood of Ks. v. Nixon*, 220 S.W.3d 732, 738 (Mo. 2007) (in turn quoting § 527.120)). "[T]he declaratory judgment statutes are 'to be liberally construed,' § 527.120, and administered to 'terminate the controversy or remove an uncertainty.' § 527.050." *State ex rel. Kansas City Power & Light Co. v. McBeth*, 322 S.W.3d 525, 530 (Mo. 2010).

Where the facts are sufficiently developed, Missouri's declaratory judgment act permits parties to preemptively seek a judicial declaration of their rights, without first engaging in conduct which would subject them to the risk of criminal prosecution or other adverse consequences. "[O]ne of the primary functions of a declaratory judgment . . . is to resolve conflicts before a loss occurs." *Foster v. State*, 352 S.W.3d 357, 360

5

(Mo. 2011). The Supreme Court "repeatedly has rejected the notion a person must violate the law to create a ripe controversy." *Alpert*, 543 S.W.3d at 594. *Alpert* explained:

> "Parties need not subject themselves to a multiplicity of suits or litigation or await the imposition of penalties [before seeking pre-enforcement declaratory relief]. . . . Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act." Forcing Alpert to wait until he violates section 571.070 and is prosecuted or threatened with prosecution puts him "in a dilemma that it was the very purpose of the [d]eclaratory [j]udgment [a]ct to ameliorate."

*Id*. at 595 (citations omitted). As this Court stated in a related context, "it is illogical to force a person who is otherwise claiming to be exempt from any requirement to register [as a sex offender] . . . to register before they can even request to be exempt." *Selig v. Russell*, 604 S.W.3d 817, 826 (Mo. App. W.D. 2020).

In the context of a pre-enforcement challenge, a dispute is ripe "when: (1) 'the facts necessary to adjudicate the underlying claims [are] fully developed' and (2) the law at issue affects the plaintiff 'in a manner that [gives] rise to an immediate, concrete dispute.'" *Alpert*, 543 S.W.3d at 593 (quoting *Mo. Health Care Ass'n v. Attorney Gen.*, 953 S.W.3d 617, 621 (Mo. 1997)). Those conditions are satisfied here. Whether Iseman is required to register as a sex offender depends on whether the offenses to which he pleaded guilty are considered to be sexual in nature. As we explain in § III, below, the circuit court will need to determine the facts underlying the offenses to which Iseman pleaded guilty. But the circuit court's inquiry will concern *historical* facts; no *future* factual developments or events will affect the analysis.

Further, Iseman has alleged that a present, specific dispute exists between him and the State concerning his obligation to register. Missouri's Sex Offender Registration Act specifically charges State correctional officials with the duty to inform incarcerated individuals "of the person's possible duty to register pursuant to sections 589.400 to 589.425" at least seven days prior to the inmate's release. § 589.403.1(1), (2). Iseman's

petition alleges that, consistent with the Department of Corrections' obligations under § 589.403.1, Department personnel informed him that he was subject to sex offender registration upon his release. The petition alleges that, when Iseman objected, corrections personnel advised him that his registration obligation was based on his separate duty to register under federal law, and the Eastern District's decision in *Doe v. Isom*, 429 S.W.3d 436 (Mo. App. E.D. 2014).

The State points out that Department of Corrections officials are not authorized to make a *definitive* determination as to Iseman's registration obligations, and that any advice they gave to him accordingly does not create an "'immediate, concrete dispute.'" *Alpert*, 543 S.W.3d at 593 (citation omitted). We disagree. In *Doe v. Frisz*, 643 S.W.3d 358 (Mo. 2022), an offender sought a judicial determination that he was not subject to sex offender registration, after a probation officer and county sheriff told him that he would be required to register. The offender argued that he was not required to register for reasons similar to Iseman's arguments: that "the four offenses of endangering the welfare of a child to which he pleaded guilty were not sexual in nature." *Id.* at 362.

In *Frisz*, the Supreme Court recognized that no executive-branch official can definitively decide whether an offender is subject to a registration obligation:

> [S]ections 589.400-.425[, RSMo] are silent as to who can determine whether a person must register as a sex offender. . . . Missouri law does not assign to any particular officer the power to determine, in the first instance, whether a particular defendant must register. Rather, section 589.400.2 merely obliges certain offenders to register, and section 589.425, RSMo 2016, provides that a failure to register is either a class E or D felony. As a result, the burden is on the defendant to decide if he or she needs to register. If the prosecutor disagrees, the circuit court in the ensuing criminal case will make the ultimate determination of whether the offender was obligated to register.

*Id.* at 364.

7

Although the Court recognized that no government official could authoritatively decide whether a particular offender was required to register, the Court nevertheless stated that the offender could pursue a declaratory judgment action to resolve the issue:

> Doe's only remedy short of waiting to see if he is charged for failing to register is to seek a declaration that he does not have to register as a sex offender. Under section 527.010, RSMo 2016, circuit courts have the power to enter declaratory judgments "to declare rights, status, and other legal relations . . .[; t]he declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." A declaratory judgment could have officially determined whether Doe was a sex offender and had to register under SORA, [although] a petition for writ of prohibition [against the county sheriff] will not stand as a substitute for a petition seeking a declaratory judgment.

*Id*. at 366 n.4.

*Frisz* expressly recognizes that declaratory relief is available in circumstances strikingly similar to those involved in the present case. Particularly since the Department of Corrections is charged by statute with notifying inmates of their potential registration obligations, the Department's advice to Iseman was sufficient to create a concrete, present dispute. Notably, this Court addressed the merits of a declaratory judgment action similar to Iseman's, brought by three incarcerated individuals against the Department of Corrections, without ever suggesting that the dispute was nonjusticiable. *Vaughan v. Mo. Dep't of Corrections*, 385 S.W.3d 465 (Mo. App. W.D. 2012); *see also id*. at 466 n.2 (noting that one of the three petitioners had been released during the pendency of the declaratory judgment action).

The State argues that Iseman's pleading of a ripe controversy is deficient, because his petition does not identify the specific Department of Corrections officials who informed him of his registration obligation. That level of detail was not required in Iseman's petition. "Although Missouri is a fact-pleading state, only ultimate facts, 'those the jury must find to return a verdict for the plaintiff[,]' must be asserted; evidentiary facts are not necessary." *Schlafly v. Cori*, 647 S.W.3d 570, 573 (Mo. 2022) (quoting

8

*R.M.A. ex rel. Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 425 (Mo. 2019)).  The identities of the specific individuals who informed Iseman of his registration obligations are evidentiary facts which were not required to be pleaded in his petition.  *See Bell v. Phillips*, 465 S.W.3d 544, 549 (Mo. App. W.D. 2015) (petition in which inmate alleged that "the dept. of corrections" denied him postage for his legal mail was sufficient to state a claim, although the petition did not specifically identify any individual actors).

The State argues that Iseman's petition is not ripe because he has failed to allege the date on which he is scheduled to be released from imprisonment, and therefore has failed to allege that he will be subject to a registration obligation within a particular period of time.  Notably, the State cites no authority holding that a plaintiff asserting a pre-enforcement challenge must allege that they will be subject to possible enforcement action within a particular length of time.  Rather than temporal proximity, Missouri caselaw requires only that the existing facts present a concrete, specific controversy concerning a state of affairs which is "reasonably probable" to occur in the future.  *Graves v. Mo. Dep't of Corrections*, 630 S.W.3d 769, 775 (Mo. 2021).  As explained above, Iseman's petition sufficiently alleges facts satisfying this standard.

The State also asserts that Iseman's claim is not ripe because the General Assembly may repeal or limit the statutory sex offender registration requirements before Iseman is released, or the Missouri Supreme Court may issue decisions eliminating Iseman's registration obligation.  In making this argument, the State engages in complete speculation, and relies on hypothetical and uncertain future events.  If we were to engage in such speculation, we could just as easily hypothesize that Iseman might commit additional offenses before his release date and become subject to further incarceration, or that he might pass away while incarcerated.  Such flights of fancy are not relevant to our ripeness analysis, however.  The State cites no authority holding that what is otherwise a present, concrete dispute becomes non-justiciable simply because of

9

the speculative possibility that future events may resolve or moot it. The State's hypothesizing concerning future events which might somehow affect Iseman's claims does not render those claims unripe.

To the extent the circuit court's judgment was based on the conclusion that Iseman's declaratory judgment claims were not ripe, the court erred, and the judgment must be reversed.

**II.**

The State also contends that declaratory relief is unavailable because Iseman has an adequate remedy by filing a petition for exemption from sex offender registration under § 589.401. Although the State claims this issue implicates the circuit court's subject-matter jurisdiction, the issue is non-jurisdictional and concerns only the circuit court's authority to act. *See City of Kansas City, Missouri v. Chastain*, 420 S.W.3d 550, 555 (Mo. 2014) (holding that, in the wake of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. 2009), "[t]here is no doubt that the trial court had subject matter jurisdiction" over a declaratory judgment action, despite the claim that the petitioner had an adequate remedy at law).

"The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment." *Chastain*, 420 S.W.3d at 555 (citing *State ex rel. SLAH, LLC v. City of Woodson Terrace*, 378 S.W.3d 357, 361 (Mo. banc 2012)); *see also Payne v. Cunningham*, 549 S.W.3d 43, 48 (Mo. App. E.D. 2018) ("When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action.").

The State contends that, under this Court's decision in *Selig v. Russell*, 604 S.W.3d 817 (Mo. App. W.D. 2020), Iseman could have pursued a petition for exemption from the sex offender registry under § 589.401. We disagree. In *Selig*, an offender "entered a plea of guilty to the offense of furnishing or attempting to furnish pornographic material to a minor in violation of section 573.040." 604 S.W.3d at 819.

10

The offender contended that he was exempt from sex offender registration by operation of § 589.400.9(2)(c), which provides:

> 9. The following persons shall be exempt from registering as a sexual offender upon petition to the court of jurisdiction under section 589.401. . .:
>
> . . . .
>
> (2) Any person currently required to register for the following sexual offenses:
>
> . . . .
>
> (c) Furnishing pornographic materials to minors under section 573.040 . . . .

Section 589.401 makes only a single, passing reference to petitions for "exemption" from the sex offender registry (in § 589.401.8). Although *Selig* characterized § 589.401 as "inartfully drafted," 604 S.W.3d at 826, the Court was faced with a situation in which § 589.400.9 specifically contemplated that individuals exempted from the sex offender registry would "petition . . . the court of jurisdiction *under § 589.401*." (Emphasis added.) Accordingly, *Selig* recognized that a person claiming exemption from registration under § 589.400.9 has a cause of action to seek that exemption under § 589.401. 604 S.W.2d at 826.

In this case, Iseman is not claiming that he is "exempt" from sex offender registration by operation of § 589.400.9. Section 589.400.9 provides exemptions to certain offenders "currently on the sexual offender registry or who otherwise would be required to register." § 589.400.9(1). Iseman is not contending that he would otherwise be subject to sex offender registration, but for the exemptions provided by § 589.400.9. Instead, Iseman contends that he is not subject to Missouri's Sex Offender Registration Act *at all*, because the offenses to which he pleaded guilty do not fall within any of the categories described in § 589.400.1. *Selig*'s holding that an individual claiming exemption under § 589.400.9 may file a petition under § 589.401 is simply not applicable to Iseman. Instead, Iseman may petition for declaratory relief under

§ 527.010, as the Missouri Supreme Court specifically contemplated in *Frisz*, 643 S.W.3d at 366 n.4.

The circuit court's dismissal of Iseman's declaratory judgment petition cannot be sustained on the basis that he had an adequate remedy under § 589.401.

### III.

The circuit court's judgment stated that the court dismissed Iseman's petition "[f]or the reasons stated in [the State's] motion [to dismiss] and the suggestions in support of that motion." The State's motion and suggestions contended only that Iseman's claims were not ripe, and that he had an adequate remedy under § 589.401. Because the circuit court disposed of the case on a motion to dismiss, it did not consider evidence beyond Iseman's petition, or make any findings of fact.

Although the circuit court did not address the merits of his claims, Iseman asks this Court to rule, in the first instance, that he is not subject to Missouri's Sex Offender Registration Act. We decline Iseman's invitation, because the circuit court did not decide whether he was subject to a registration obligation, and the issue cannot be decided based simply on the allegations of Iseman's declaratory judgment petition. The case must instead be remanded to the circuit court for further proceedings.

Iseman's felonies of harassment are not specifically identified in § 589.400.1 as sexual offenses triggering a registration obligation. Section 589.400.1(7) also provides, however, that an individual is required to register as a sex offender under Missouri law if the individual "has been or is required to register . . . under . . . federal . . . law." The Missouri Supreme Court described the relevant provisions of the federal Sex Offender Registration and Notification Act ("SORNA") in *Frisz*:

> SORNA requires a "sex offender" to register. 34 U.S.C. § 20913(a) (2018). SORNA broadly defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1) (2018). A "sex offense" includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii) (2018). Finally, the definition of "specified offense against a minor" contains a catchall provision that includes "[a]ny conduct

that ***by its nature*** is a sex offense against a minor." 34 U.S.C. § 20911(7)(I) (2018) (emphasis added).

643 S.W.3d at 362; *see also Smith v. St. Louis Cnty. Police*, Nos. SC99714 & SC99715, 2023 WL 1392052, at *3 (Mo. Jan. 31, 2023).

*Frisz* explains that courts must examine the facts underlying a particular conviction to determine whether an offense is "by its nature . . . a sex offense" within the meaning of SORNA's catchall provision.

> Missouri courts have applied a non-categorical approach when determining whether an offense included conduct that by its nature was a sex offense against a minor. *Doe v. Isom*, 429 S.W.3d 436, 443 (Mo. App. 2014). The non-categorical approach allows courts to look "beyond the guilty plea to the underlying facts of the offense to determine whether the petitioner's offense qualifie[s] as a sex offense." *Doe v. Belmar*, 564 S.W.3d 415, 418 (Mo. App. 2018) (quotation marks omitted). A categorical approach, on the other hand, would permit courts to "look only to the fact of conviction and the statutory definition of the prior offense." *Isom*, 429 S.W.3d at 442 n.7 (quotation marks omitted).

*Frisz*, 643 S.W.3d at 362.

*Frisz* explained that, under the non-categorical approach, the court may look beyond the statutory definition of an offense, to consider "the circumstances of the crime to which [the defendant] pleaded guilty," meaning "the underlying conduct on which the conviction is based." *Id*. at 363, 364. In addition to *Isom* and *Belmar*, *Frisz* cited *United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016), as a case employing this non-categorical approach. *Frisz*, 643 S.W.3d at 363.

The circuit court decided the State's motion to dismiss based solely on the allegations of Iseman's petition. Until the record establishes the facts underlying his convictions, however, neither we nor the circuit court can determine whether those convictions were based on "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I), and therefore whether he is required to register under § 589.400.1.

13

The circuit court must decide, in the first instance, whether the facts underlying Iseman's convictions were sexual in nature. We cannot decide that issue on the present record. The case must accordingly be remanded for further proceedings in the circuit court. *See Selig*, 604 S.W.3d at 825 ("this Court lacks a factual record regarding the underlying offense necessary to determine whether Selig's offense requires SORNA registration. Thus remand is required for further development of the underlying facts of the offense for which Selig was convicted and for the circuit court to make such a determination.").

## Conclusion

The circuit court's dismissal of Iseman's petition is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Alok Ahuja, Judge

All concur.

14